In the Matter of THERESA M. WINN, Respondent, v MATTHEW T. CUTTING, Appellant. [835 NYS2d 467]—

Peters, J. Appeal from an order of the Family Court of Delaware County (Becker, J.), entered May 8, 2006, which, inter alia, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, for modification of a prior order of custody.

Petitioner and respondent are the biological parents of a son (born in 1994). In March 1998, they entered into a custody and visitation stipulation, later reduced to an order dated April 14, 1998, which, among other things, granted joint legal custody

with physical custody to petitioner. In February 2003, petitioner moved to the Town of Sidney, Delaware County and thereafter sought permission to move to Spring City, Pennsylvania, which was denied by order dated December 19, 2003. When petitioner moved to the Town of Vestal, Broome County in August 2004, respondent, who resides in the Town of Masonville, Delaware County, commenced a custody proceeding seeking sole custody. This prompted a new order dated December 16, 2004 which preliminarily incorporated the terms of the prior stipulation and now included a prohibition preventing petitioner's relocation more than 50 miles from respondent's home. Approximately five months later, petitioner commenced this proceeding seeking permission to relocate, alleging, among other things, that she was engaged to be married, had been offered a full-time, better paying job in Pennsylvania, and that her relocation would benefit the child. Respondent cross-petitioned for sole custody, emphasizing not only petitioner's attempt to frustrate his right to visitation, but also the severance of the child's relationship with his extended family, all of whom live within 10 miles of his home. Following both *Lincoln* and fact-finding hearings, petitioner was permitted to relocate. Respondent appeals.

To support an application for relocation, the movant must demonstrate, by a preponderance of the evidence, that the proposed move would be in the best interests of the child (*see Matter of Tropea v Tropea*, 87 NY2d 727, 741 [1996]; *Matter of Armstrong v Crout*, 33 AD3d 1079, 1080 [2006]; *Matter of Smith v Hoover*, 24 AD3d 1096, 1096 [2005]). In making such a determination, numerous factors will be considered (*see Matter of Tropea v Tropea, supra* at 741) and, if that determination is supported by a sound and substantial basis in the record, it will not be disturbed (*see Matter of Smith v Hoover, supra* at 1097; *Matter of Leach v Santiago*, 20 AD3d 715, 716 [2005], *lv denied* 6 NY3d 702 [2005]).

Here, petitioner, a massage therapist, presented evidence that she earns approximately $200 per week in Vestal, but earns approximately $600 per week by working weekends in Pennsylvania. Since the December 2004 order of custody, petitioner has been offered a full-time job in Philadelphia where she will earn approximately $1,200 a week without working weekends. In addition, her fiancé is a chemical engineer who works in Pennsylvania earning approximately $63,000 per year. Both of them testified as to their numerous unsuccessful attempts to gain similar employment in New York. Petitioner further testified that if she were allowed to relocate, she would be more available to address her son's educational and emotional needs stem-

ming from his diagnosis of attention deficient disorder. Petitioner buttressed such testimony by noting her consistent history of addressing her son's needs above her own. She detailed the loans that she had taken out for his special tutoring, and how she left Sidney to move to Vestal to be closer to his tutorial and alternative therapeutic learning programs. If relocation were permitted, petitioner represented that she would maintain the same visitation schedule already in place, and would agree to creative extended visitation scheduling to further promote the child's relationship with respondent.

Respondent greatly opposed the move, alleging an attempt to alienate the child's affections. He contended that prior to petitioner's move to Vestal, he enjoyed visitation every other weekend and Thursdays and Fridays of each week. Since the move to Vestal, however, the consistency of the midweek visitation changed due to the distance. Respondent detailed the activities that he and his son enjoyed together and how all of the child's extended family lives in his area. Recognizing the extensive testimony supporting respondent's close relationship with the child we, nonetheless, find that a preponderance of the evidence supports Family Court's determination that the proposed relocation would serve the child's best interests.*

Respondent's petition for sole custody was fully considered by Family Court. Its determination denying such relief was soundly supported by this record.

Cardona, P.J., Mercure, Crew III and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.

 ---

* We note, however, that since all of the child's extended family still live within 10 miles of respondent's home, we encourage extended visitation whenever possible as permitted by Family Court's order.