■ In the Matter of SINIA I. VARGAS, Respondent, v CHRISTO-PHER DIXON, Appellant. (And Four Other Related Proceedings.) [911 NYS2d 518]—

Mercure, J.P. Appeal from an order of the Family Court of Albany County (M. Walsh, J.), entered September 14, 2009, which, among other things, granted petitioner's application, in five proceedings pursuant to Family Ct Act article 6, to modify a prior order of custody.

Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the unmarried parents of a daughter who was born in 2001. Pursuant to a stipulation, Family Court granted the parties joint legal custody, with primary physical custody to the mother and weekend visitation to the father. The parties further agreed that the child's residence could be removed from the jurisdiction of Family Court only upon the express agreement of both parties. In 2009, the mother, who had moved to Florida, filed a petition seeking leave to relocate the child to Florida.* In response, the father cross-petitioned for physical custody. Following fact-finding and *Lincoln* hearings,

---

* The mother also filed three other petitions seeking to hold the father in contempt for violating the visitation provisions of the prior custody order, suspension of the father's visitation, and to change the location of visitation.

Family Court granted the mother's relocation petition, denied the father's cross petition, continued joint legal custody and physical custody with the mother, modified the visitation schedule, and retained jurisdiction. The father appeals from the grant of the mother's petition to relocate.

We affirm. Any "relocation request must be considered on its own merits with due consideration of all the relevant facts and circumstances and with predominant emphasis being placed on what outcome is most likely to serve the best interests of the child" (*Matter of Tropea v Tropea*, 87 NY2d 727, 739 [1996]). Relevant factors and circumstances include "each parent's reasons for seeking or opposing the move, the quality of the relationships between the child and the custodial and noncustodial parents, the impact of the move on the quantity and quality of the child's future contact with the noncustodial parent, the degree to which the custodial parent's and child's life may be enhanced economically, emotionally and educationally by the move, and the feasibility of preserving the relationship between the noncustodial parent and child through suitable visitation arrangements" (*id.* at 740-741). These factors provide the framework for resolving this matter despite the fact that the mother moved to Florida prior to commencing this proceeding (*see Matter of Jelfo v Arthur*, 295 AD2d 689, 690 [2002]). Moreover, "although economic necessity or a specific health-related concern may present a particularly persuasive ground for permitting the proposed move, other justifications, including the demands of a second marriage . . . , may also be valid motives that should not be summarily rejected, at least where the over-all impact on the child would be beneficial" (*Matter of Tropea v Tropea*, 87 NY2d at 739). We note that the mother, as the party seeking to relocate, bore the burden of establishing by a preponderance of the evidence that the proposed move would be in the child's best interests (*see Matter of Winn v Cutting*, 39 AD3d 1000, 1001 [2007]; *Matter of Willis-Marsh v Wilkerson*, 22 AD3d 977, 978 [2005]).

In that regard, while the mother conceded that there was no meaningful economic enhancement as a result of the move, Family Court properly considered the positive emotional impact that would result if the child were permitted to remain with her mother—the child's primary caretaker—and half sister, with whom the child shared a close relationship. Indeed, the child expressed her wishes to relocate to Florida in order to maintain her close relationships with the mother and half sister. In addition, and as considered by the court, there was evidence that the mother was significantly more involved in managing the

child's educational and medical needs, and had concrete plans for the child's future education, as opposed to the father who presented no evidence regarding his plans for the child's education or childcare if he received custody. Finally, while there was evidence that the child's relationship with her father would be negatively impacted and that the mother had disparaged the father, the court credited the mother's testimony that the father had failed to regularly exercise visitation with the child until 2009, and crafted a generous visitation schedule that would permit the child to spend more time with the father than she had in the past. Considering the totality of the circumstances, a sound and substantial basis exists for Family Court's determination that the proposed relocation would be in the child's best interests (*see Matter of Winston v Gates*, 64 AD3d 815, 817-819 [2009]; *Matter of Hills v Madrid*, 57 AD3d 1175, 1177 [2008]; *Matter of Winn v Cutting*, 39 AD3d at 1001-1002; *cf. Matter of Willis-Marsh v Wilkerson*, 22 AD3d at 978-979).

Peters, Malone Jr., Stein and McCarthy, JJ., concur. Ordered that the order is affirmed, without costs.

