# State of New York
## Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered:  January 22, 2015                518055
_____

In the Matter of TAMYKA R.
    SPAULDING,
                    Respondent,

        v                                    MEMORANDUM AND ORDER

MATTHEW S. STEWART,
                    Appellant.
_____

Calendar Date:  November 21, 2014

Before:  McCarthy, J.P., Garry, Lynch, Devine and Clark, JJ.

_____

Sandra M. Colatosti, Albany, for appellant.

Paul J. Connolly, Delmar, for respondent.

Michael S. Barone, Albany, attorney for the child.

_____

Garry, J.

Appeal from an order of the Family Court of Albany County (M. Walsh, J.), entered November 6, 2013, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody.

Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the parents of a child born in 2006. Approximately two years after the birth of the child, the parents separated, and the father thereafter relocated from Albany County to Onondaga County. Since 2012, the mother has had sole legal and primary physical custody of the child, with the father exercising parenting time every other weekend and for four weeks during the summer. In 2013, the mother commenced this

modification proceeding in Family Court seeking permission to relocate with the child to Prince William County, Virginia. Following an evidentiary hearing, including a Lincoln hearing, the court granted the mother's petition and modified the custody order to, among other things, provide the father with parenting time for the duration of the child's summer vacations. The father appeals.

The emphasis in a relocation case is on the best interests of the child (see Matter of Vargas v Dixon, 78 AD3d 1431, 1432 [2010]). All the relevant circumstances should be considered, taking into account such factors as "each parent's reasons for seeking or opposing the move, the quality of the relationships between the child and the custodial and noncustodial parents, the impact of the move on the quantity and quality of the child's future contact with the noncustodial parent, the degree to which the custodial parent's and child's life may be enhanced economically, emotionally and educationally by the move, and the feasibility of preserving the relationship between the noncustodial parent and child through suitable visitation arrangements" (Matter of Tropea v Tropea, 87 NY2d 727, 740-741 [1996]; accord Matter of Weber v Weber, 100 AD3d 1244, 1245 [2012]; see Matter of Hills v Madrid, 57 AD3d 1175, 1176 [2008]). The party seeking to relocate bears the burden of establishing that the move is in the child's best interests by a preponderance of the evidence, and a court's determination will not be disturbed on appeal when it is supported by a sound and substantial basis in the record (see Matter of Seeley v Seeley, 119 AD3d 1164, 1166 [2014]; Matter of Weber v Weber, 100 AD3d at 1245-1246; Matter of Herman v Villafane, 9 AD3d 525, 526 [2004]).

Here, the mother testified that her reason for seeking to relocate with the child was to allow them to reside with her new husband, who is employed by the Virginia government. In opposition, the father contended that the relocation would reduce the frequency of his contact with the child, negatively impact his ability to communicate regularly with the child, and strain the bonds between the child and her paternal relatives. The testimony adduced during the hearing established that, while both parents appear to be loving and attentive, the mother has been more involved in the child's daily life, school activities and

religious instruction, and in arranging medical appointments. There was ample evidence that the relocation will substantially improve the child's quality of life by, among other things, substituting the high-crime neighborhood in which the mother currently lives for a comparatively calmer and more secure environment in Virginia. Family Court also noted that health insurance benefits will be available to the child through the husband's employment. Initially the child will be residing in a large home with the mother, her husband, and some of the husband's relatives, until the mother and the husband secure their own housing. Several of the mother's relatives also reside in Virginia; the relocation will result in the child having more opportunities for contact with these relatives, although it will also result in less frequent contact with paternal relatives, as well as the maternal grandmother who resides near the City of Albany.

With respect to the father's ability to maintain a relationship with the child, although the modified order will result in the father having fewer periods of parenting time with the child during the school year, it will instead provide him with two months of uninterrupted parenting time during the child's summer recess, as well as alternating holidays and school vacations, and will in fact represent a net increase in his overall amount of parenting time. The modified order further allows the father to have daily telephone or Skype contact with the child, and places the burden of financing the child's travel to and from New York on the mother, except when the father is able to utilize his employment benefits to obtain free air travel. Upon review, we find that Family Court carefully balanced the competing factors that were presented in this matter in an attempt to serve the child's best interests. Considering the evidence showing the economic benefits of the proposed relocation that will enhance the child's quality of life, together with the measures taken to address the father's ability to maintain regular and meaningful contact with the child under the modified order, we find that there was a sound and substantial basis for Family Court's determination, and decline to disturb it (see Matter of Shirley v Shirley, 101 AD3d 1391, 1393 [2012]; Matter of Armstrong v Crout, 33 AD3d 1079, 1081-1082 [2006]; Long v Long, 252 AD2d 722, 722-723 [1998]).

McCarthy, J.P., Lynch, Devine and Clark, JJ., concur.


ORDERED that the order is affirmed, without costs.



                    ENTER:


                    Robert D. Mayberger
                    Clerk of the Court