*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  October 22, 2015                    519235
_____

In the Matter of ULICE BARNER,
                    Respondent,

        v

JENNIFER HAMPTON,
                    Appellant.

(Proceeding No. 1.)
_____        MEMORANDUM AND ORDER

In the Matter of JENNIFER
    HAMPTON,
                    Appellant,

        v

ULICE BARNER,
                    Respondent.

(Proceeding No. 2.)

(And Another Related Proceeding.)
_____

Calendar Date:   September 15, 2015

Before:  Peters, P.J., Lahtinen, McCarthy and Lynch, JJ.

                    _____

        Abbie Goldbas, Utica, for appellant.

        Linda Campbell, Syracuse, for respondent.

        Mary R. Humphrey, New Hartford, attorney for the child.

                    _____

McCarthy, J.

Appeal from an order of the Family Court of Madison County (McDermott, J.), entered June 24, 2014, which, among other things, granted petitioner's application, in proceeding No. 1 pursuant to Family Ct Act article 6, to modify a prior order of custody.

Ulice Barner (hereinafter the father) and Jennifer Hampton (hereinafter the mother) are the parents of a daughter (born in 2001). In 2010, the mother, who had primary physical custody of the child, successfully petitioned to relocate with the child from New York to Florida, where her mother and stepfather had recently moved. She thereafter returned to upstate New York in 2011, moved to Long Island for a few months in 2012 and then finally settled in Madison County at the end of 2012. In the meantime, the father sought and was awarded physical custody of the child prior to the mother's stint in Long Island. In April 2013, the parties executed a stipulated order of custody and visitation providing for joint legal custody and primary physical custody with the father. In June 2013, the father commenced the instant proceeding seeking to relocate the child to Atlanta, Georgia. In October 2013, the mother filed both a modification petition requesting primary physical custody of the child and a violation petition alleging that the father had already moved the child to Atlanta. Following a trial, Family Court granted the father's relocation petition, ordered certain visitation to the mother, and dismissed the mother's petitions. The mother now appeals, and we affirm.

Family Court's best interests determination is supported by a sound and substantial basis in the record. "In contrast to an ordinary modification proceeding, where the petitioning party must demonstrate a change in circumstances and that a modification [would be] in the child's best interests, a relocation is accepted as a change in circumstances, requiring the parent seeking the move to demonstrate that relocating the child with the custodial parent is in the child's best interests" (Matter of Adams v Bracci, 91 AD3d 1046, 1046-1047 [2012], lv denied 18 NY3d 809 [2012]; see Matter of Cook-Lynch v Valk, 126 AD3d 1062, 1063 [2015]). In evaluating the best interests of the child, a court should consider "each parent's reasons for seeking or opposing the move, the quality of the relationships between

the child and the custodial and noncustodial parents, the impact of the move on the quantity and quality of the child's future contact with the noncustodial parent, the degree to which the custodial parent's and child's life may be enhanced economically, emotionally and educationally by the move, and the feasibility of preserving the relationship between the noncustodial parent and child through suitable visitation arrangements" (Matter of Tropea v Tropea, 87 NY2d 727, 740-741 [1996]; accord Matter of Spaulding v Stewart, 124 AD3d 1111, 1112 [2015], lv denied 25 NY3d 903 [2015]).  Given Family Court's superior position "to make factual findings and credibility determinations, its decision will not be disturbed if supported by a sound and substantial basis in the record" (Matter of Cowper v Vasquez, 121 AD3d 1341, 1342 [2014], lv denied 24 NY3d 913 [2015]; see Matter of Jones v Soriano, 117 AD3d 1350, 1351 [2014], lv denied 24 NY3d 901 [2014]).

The father explained that he desired to move to Georgia because, among other reasons, he had extended family in that area, he believed it to have a strong housing market and he had a standing job offer there.  The father's credited testimony at trial established that relocating to Georgia would provide the child with substantial economic benefits.  That testimony established that the father and his romantic partner could almost double their combined salaries in Georgia after a few months of employment.  In addition, the father testified that the new job would most likely have 9:00 a.m. to 5:00 p.m. hours, allowing him greater time to spend with the child.  The father further testified that the school in which the child would be enrolled in Georgia has various programs for activities in which the child currently participates.  The mother testified that she had recently moved to a new house, the lease for which prohibits more than four people from occupying the residence without prior written consent.  She currently lives in that house with her husband and two additional children.  The mother acknowledged that she had not yet sought the necessary consent for the child to also live at the house.

Notably, the child has publicly acknowledged that she informed Family Court of her preference for relocating with the father.  Given that the child was 13 at the time of the trial, her preference is given considerable weight in the consideration

of the child's best interests (see Matter of Dorsa v Dorsa, 90 AD3d 1046, 1047 [2011]; Matter of Oddy v Oddy, 296 AD2d 616, 617 [2002]).  Finally, regarding visitation with the mother, the father agreed to assist in the child's transportation costs. Considering the foregoing, Family Court's determination permitting the father to relocate the child, with significant visitation periods granted to the mother, was supported by a sound and substantial basis in the record (see Matter of Spaulding v Stewart, 124 AD3d at 1113; Matter of Adams v Robertson, 124 AD3d 946, 948-949 [2015]; Matter of Cole v Reynolds, 110 AD3d 1273, 1276 [2013]).

Peters, P.J., Lahtinen and Lynch, JJ., concur.

ORDERED that the order is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court