*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  July 7, 2016                    520814
_____

In the Matter of ALAN R.
    PERESTAM,
                        Appellant,

        v                                    MEMORANDUM AND ORDER

WENDY A. PERESTAM,
                        Respondent.

(And Another Related Proceeding.)
_____

Calendar Date:  May 31, 2016

Before:  Lahtinen, J.P., Egan Jr., Lynch, Devine and Mulvey, JJ.

                        _____


        Jackson Bergman, LLP, Binghamton (Caitlin C. Carrigg of
counsel), for appellant.

        Coughlin & Gerhart, LLP, Binghamton (Keith A. O'Hara of
counsel), for respondent.

        Andrea Mooney, Ithaca, attorney for the children.

                        _____


Lynch, J.

        Appeal from an order of the Family Court of Tioga County
(Keene, J.), entered June 26, 2014, which, among other things,
granted respondent's application, in a proceeding pursuant to
Family Ct Act article 6, to modify a prior order of custody.

        Petitioner (hereinafter the father) and respondent
(hereinafter the mother) are the divorced parents of a son and a
daughter (born in 1999 and 2001, respectively).  Pursuant to a
2008 stipulation that was incorporated into the parties' judgment

of divorce, the parties shared joint legal custody of the children, with primary physical custody granted to the mother and a visitation schedule established for the father.  In July 2013, the father filed a petition for modification and enforcement of the prior custody order, seeking primary physical custody of the children or, alternatively, to prohibit the mother from relocating them outside of Tioga County.  After Family Court (Morris, J.) issued a temporary order prohibiting the mother from relocating the children, she cross-petitioned seeking to modify the prior custody order to permit her to relocate the children from the Town of Owego, Tioga County to the Town of Pittsford, Monroe County — a distance of approximately 115 miles.  After conducing a fact-finding hearing, which spanned over several months, and two Lincoln hearings, Family Court (Keene, J.), among other things, granted the mother's petition to relocate the children finding that it would be in their best interests.  The court also modified the custody order to increase the father's visitation, with transportation to be provided by the mother.  The father now appeals and we affirm.

We find that Family Court's best interests determination is supported by a sound and substantial basis in the record.  "'In contrast to an ordinary modification proceeding, where the petitioning party must demonstrate a change in circumstances and that a modification [would be] in the child[ren]'s best interests, a relocation is accepted as a change in circumstances, requiring the parent seeking the move to demonstrate that relocating the child[ren] with the custodial parent is in the child[ren]'s best interests'" (Matter of Barner v Hampton, 132 AD3d 1098, 1099 [2015], quoting Matter of Adams v Bracci, 91 AD3d 1046, 1046-1047 [2012], lv denied 18 NY3d 809 [2012]).  The mother, as the party seeking to relocate, "bears the burden of establishing that the move is in the child[ren]'s best interests by a preponderance of the evidence, and a court's determination will not be disturbed on appeal when it is supported by a sound and substantial basis in the record" (Matter of Spaulding v Stewart, 124 AD3d 1111, 1112 [2015], lv denied 25 NY3d 903 [2015]; see Matter of Lodge v Lodge, 127 AD3d 1521, 1522-1523 [2015]).  In evaluating the bests interests of the children, a court must consider such factors as "'each parent's reasons for seeking or opposing the move, the quality of the relationships

between the child[ren] and the . . . parents, the impact of the move on the quantity and quality of the child[ren]'s future contact with the noncustodial parent, the degree to which the custodial parent's and child[ren]'s [lives] may be enhanced economically, emotionally and educationally by the move, and the feasibility of preserving the relationship between the noncustodial parent and child[ren] through suitable visitation arrangements'" (Matter of Rebecca HH. v Gerald HH., 130 AD3d 1158, 1159 [2015], quoting Matter of Tropea v Tropea, 87 NY2d 727, 740-741 [1996]).

The impetus for the mother's desire to relocate to Monroe County was her engagement to a man who she married during the pendency of these proceedings. The mother also obtained gainful employment in Monroe County before the fact-find hearing concluded. However, she made the decision to move and enrolled the children in the Pittsford Central School District without consulting the father. While this demonstrates her exclusion of the father from major decisions involving the children, there was ample evidence that the mother and her husband encouraged and would facilitate a relationship between the father and the children (see Matter of Bush v Lopez, 125 AD3d 1150, 1150-1151 [2015]; Matter of Gutiy v Gutiy, 40 AD3d 1155, 1156 [2007]).

We find that the mother and the children's lives would be significantly enhanced by relocating. The mother had been unemployed and in the process of liquidating a failing business. The mother presented evidence that she and the children would benefit economically, not only from her new employment, but through the financial security provided by her husband (see Matter of Spaulding v Stewart, 124 AD3d at 1113; Matter of Shirley v Shirley, 101 AD3d 1391, 1393 [2012]). The mother also submitted evidence that the Pittsford Central School District outperforms the children's current school district on Regents exams and in the percentage of students attending a four-year college upon graduation (see Matter of Cole v Reynolds, 110 AD3d 1273, 1275-1276 [2013]; Matter of Hills v Madrid, 57 AD3d 1175, 1177 [2008]). While both parents enjoy an overall positive relationship with the children, there was evidence that the father's wife and her daughter have a strained relationship with the children. Conversely, the record indicates that the mother's

husband and his children have openly welcomed and supported the children (see Matter of Bobroff v Farwell, 57 AD3d 1284, 1286 [2008]).  Indeed, the parties do not contest that the children desire to relocate to Pittsford (see Matter of Vargas v Dixon, 78 AD3d 1431, 1432-1433 [2010]).

While the relocation will negatively impact the father's ability to attend extracurricular activities during the week, he has been awarded increased visitation time with transportation to be provided by the mother (see Matter of Cole v Reynolds, 110 AD3d at 1276).  Otherwise, he testified that his prior visitation schedule would be minimally affected (see Matter of Hills v Madrid, 57 AD3d at 1176-1177; Matter of Winn v Cutting, 39 AD3d 1000, 1002 [2007]).  While the father submitted evidence regarding alleged instability in the mother's marriage, no single factor should be treated as dispositive, and Family Court properly considered all the relevant factors in determining that relocation was in the best interests of the children (see Matter of Tropea v Tropea, 87 NY2d at 738; Matter of Winn v Cutting, 39 AD3d at 1002).  In our view, Family Court had ample basis to conclude that the mother met her burden of establishing that relocating the children was in their best interests.

Lahtinen, J.P., Egan Jr., Devine and Mulvey, JJ., concur.

ORDERED that the order is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court