Garry, J.
Appeal from an order of the Family Court of Otsego County (Burns, J.), entered October 2, 2015, which, among *1439 other things, granted petitioner’s application, in proceeding No. 2 pursuant to Family Ct Act article 6, to modify a prior order of custody.
Stephanie Hempstead (hereinafter the mother) and Elmer Hyde III (hereinafter the father) are the parents of two children (born in 2006 and 2010). The mother and the father shared joint legal custody of the children pursuant to a January 2014 order by which the father had physical custody of the children and the mother had weekend and weekday parenting time, as well as shared holidays and summer vacation. In March 2015, the father sought to relocate with the children a distance of 76 miles from the City of Oneonta, Otsego County to the Village of Endicott, Broome County. The mother then commenced proceeding No. 1 seeking, among other things, to prevent the relocation, and the father commenced proceeding No. 2 seeking permission to do so. Following Lincoln and fact-finding hearings, Family Court dismissed the mother’s petition, granted the father’s petition, and established a new visitation schedule increasing the mother’s parenting time. The mother appeals.*
The party seeking to relocate bears the burden of establishing by a preponderance of the evidence that relocation is in the children’s best interests. All the relevant circumstances are to be considered, including such factors as “each parent’s reasons for seeking or opposing the move, the quality of the relationships between the child [ren] and the custodial and noncustodial parents, the impact of the move on the quantity and quality of the child [ren’s] future contact with the noncustodial parent, the degree to which the custodial parent’s and children’s] li[ves] may be enhanced economically, emotionally and educationally by the move, and the feasibility of preserving the relationship between the noncustodial parent and child [ren] through suitable visitation arrangements” (Matter of Tropea v Tropea, 87 NY2d 727, 740-741 [1996]; accord Matter of Perestam v Perestam, 141 AD3d 757, 758 [2016]; Matter of Spaulding v Stewart, 124 AD3d 1111, 1112 [2015], lv denied 25 NY3d 903 [2015]). Recognizing Family Court’s “superior position to assess witness credibility and make findings of fact,” this Court will not disturb a decision supported by a sound and substantial basis in the record (Matter of Southammavong v *1440 Sisen, 141 AD3d 905, 906 [2016]; see Matter of Weber v Weber, 100 AD3d 1244, 1245-1246 [2012]).
Here, Family Court found that the children enjoy “a close and loving relationship with both parents” and that each parent demonstrates a desire and ability to support the children’s needs. The court found the father better suited to provide for the children economically. Although the court noted that the father’s failure to provide the mother advance notice of the planned relocation demonstrated a “significant weakness” regarding his willingness to foster and encourage the children’s relationship with their mother (see Matter of Seeley v Seeley, 119 AD3d 1164, 1166 [2014]), the father did offer to facilitate the mother’s parenting time by providing her with transportation. The record reveals that the mother took the children to events with the father’s extended family and did not discourage the children’s relationship with the father.
The father has been the primary physical custodian since 2013. He testified that he desires to relocate with the children for economic benefit and to be near members of his family who live in the Endicott area. Family Court credited the father’s testimony that relocation would significantly improve his economic status; the father testified that his earnings are considerably higher in the Endicott area than they had been, and, although his rent would not decrease, his overall housing costs would be greatly reduced because municipal utilities are provided. The father testified that a school near his apartment in Endicott could continue to provide for the children’s specific educational needs. It was uncontested that, although the children have family in both areas, their relationships with relatives and friends in the Endicott area were more numerous. The children also have a half sibling who resides with the father’s fianceé in the Endicott area (see Matter of Demers v McLear, 130 AD3d 1259, 1262 [2015]; Matter of Valenti v Valenti, 57 AD3d 1131, 1135 [2008], lv denied 12 NY3d 703 [2009]).
The mother opposed relocation as her lack of independent access to a reliable vehicle would effectively eliminate her weekday parenting time, and, thus, she testified that this would make it difficult for the children to know that she cares for them. However, Family Court noted the mother’s admitted failure to regularly exercise similar weekday parenting time in the past and her refusal of the father’s offer to facilitate transportation for visitation. The mother failed to articulate a reason why relocation would not be in the best interests of the children. While recognizing that not having her children nearby *1441 resulted in an adverse impact upon the mother, the court’s decision correctly emphasized that “it is the rights and needs of the children that must be accorded the greatest weight” (Matter of Tropea v Tropea, 87 NY2d at 739), and that the needs of the mother were not determinative (see Matter of Winn v Cutting, 39 AD3d 1000, 1002 [2007]). The court did not fail to consider the effect of relocation upon the children’s contact with the mother, but, instead, directly addressed the disadvantages, acknowledged the mother’s transportation difficulties, and attempted to mitigate the potential loss of the mother’s weekday visits by significantly increasing her weekend, summer and holiday parenting time (see Matter of Perestam v Perestam, 141 AD3d at 759; Matter of Cole v Reynolds, 110 AD3d 1273, 1276 [2013]; Matter of Vargas v Dixon, 78 AD3d 1431, 1433 [2010]).
Upon review, we find that the record supports Family Court’s determination that the children’s lives will be enhanced by providing them the “continuity and stability” of continuing to reside with their father in a new community (see Matter of Varner v Glass, 130 AD3d 1215, 1216 [2015]). The decision is supported by a sound and substantial basis in the record (see Matter of Spaulding v Stewart, 124 AD3d at 1113; Matter of Vargas v Dixon, 78 AD3d at 1432-1433; Matter of Winston v Gates, 64 AD3d 815, 817-819 [2009]).
McCarthy, J.P., Lynch, Devine and Clark, JJ., concur.
Ordered that the order is affirmed, without costs.

 The mother’s March 2015 petition sought to prevent the father from relocating with the children, or, in the alternative, to award primary physical custody to the mother. However, as the mother’s brief does not address the issue of custody, we deem any related claim to be abandoned (see Matter of Jodi S. v Jason T., 85 AD3d 1239, 1241 n 2 [2011]).