Matter of Hammer v Hammer (2018 NY Slip Op 05242)





Matter of Hammer v Hammer


2018 NY Slip Op 05242


Decided on July 12, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 12, 2018

525239

[*1]In the Matter of SCOVILLE HAMMER, Respondent,
v
ERIC MICHAEL HAMMER, Appellant.

Calendar Date: May 31, 2018

Before: Garry, P.J., Egan Jr., Mulvey, Aarons and Rumsey, JJ.


Matte & Nenninger, PC, Glens Falls (Jeffrey C. Matte of counsel), for appellant.
Rural Law Center of New York, Castleton (Kelly L. Egan of counsel), for respondent.
Alexandra G. Verrigni, Rexford, attorney for the child.



MEMORANDUM AND ORDER
Rumsey, J.
Appeal from an order of the Family Court of Warren County (Kershko, J.), entered May 25, 2017, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, for permission to relocate with the parties' child.
Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the divorced parents of a child (born in 2009). The parties entered into a stipulation that was incorporated but not merged into their November 2015 judgment of divorce. It provided for joint legal custody, with primary physical custody with the mother and parenting time for the father, and prohibited the mother from moving with the child more than 30 miles from the Town of Queensbury, Warren County without first obtaining a court order or the father's consent. In July 2016, the mother commenced this proceeding seeking permission to relocate with the child to the Town of Rotterdam, Schenectady County — a distance of approximately 47 miles — to reside with her boyfriend; she planned to enroll the child in a private school that she alleged would better address the child's attention deficit disorder (hereinafter ADD). The father moved for summary judgment dismissing the petition, which Family Court denied. Following an evidentiary hearing, including a Lincoln hearing, the court granted the mother's petition to relocate, but ordered that the mother obtain court approval or the father's consent prior to any future relocation, and increased the father's parenting time, with transportation to be provided by the mother. The [*2]father appeals.
"In contrast to an ordinary modification proceeding, where the petitioning party must demonstrate a change in circumstances and that a modification [would be] in the child['s] best interests, a relocation is accepted as a change in circumstances, requiring the parent seeking the move to demonstrate that relocating the child with the custodial parent is in the child['s] best interests" (Matter of Perestam v Perestam, 141 AD3d 757, 757-758 [2016] [internal quotation marks and citations omitted]). The party seeking to relocate "bears the burden of establishing that the move is in the child's best interests by a preponderance of the evidence, and a court's determination will not be disturbed on appeal when it is supported by a sound and substantial basis in the record. In evaluating the bests interests of the child[], a court must consider such factors as each parent's reasons for seeking or opposing the move, the quality of the relationships between the child[] and the parents, the impact of the move on the quantity and quality of the child['s] future contact with the noncustodial parent, the degree to which the custodial parent's and child['s lives] may be enhanced economically, emotionally and educationally by the move, and the feasibility of preserving the relationship between the noncustodial parent and child[] through suitable visitation arrangements" (id. at 758 [internal quotation marks, ellipsis and citations omitted]; see Matter of Lynk v Ehrenreich, 158 AD3d 1004, 1005 [2018], lv denied ___ NY3d ___ [June 12, 2018]).
We find that there is sufficient evidence in the record to support Family Court's determination that the move is in the child's best interests. The mother's relationship with her boyfriend and her impending loss of employment served as the impetus for her desire to relocate. The mother had worked as a jeweler at her father's jewelry store for more than 20 years; however, the father testified that he planned to retire and close the store within days, leaving the mother unemployed and without health insurance. The mother testified that the loss of her long-time job made relocation necessary because she had not been able to locate a position with comparable pay and benefits that would enable her to meet the expenses of continuing to own her home in Queensbury. Consequently, she had listed her home for sale and testified that if Family Court dismissed her petition, she would move to the outer bounds of the permissible 30-mile radius.[FN1]
The mother further contended that merging her household and finances with those of her long-term boyfriend would ameliorate the impact of the loss of her long-term job by providing her and the child with financial stability, including health insurance, and a stable home. In that regard, the mother's boyfriend testified that his income was stable and sufficient to cover the child's private school tuition while also providing the mother with the options of being a stay-at-home parent or of working only part time. He has two teenaged daughters from a prior marriage who reside with him, and the mother has a teenaged child from a prior marriage who resides with her. The child has good relationships with all three children and with the boyfriend. Both adults and the children would reside in the boyfriend's four-bedroom home. The father opposed any relocation, noting that the one-hour trip each way between his home and the boyfriend's home [*3]would burden the child with prolonged traveling time and disrupt the child's continued participation in existing activities. He further expressed concern that the child would be negatively impacted by moving from a school with which he is familiar to the private school that the mother selected in Schenectady County. The child's first grade and second grade teachers testified that the child has made satisfactory academic progress, but has social and behavioral challenges related to his ADD. The mother testified that the private school had a much better student-to-teacher ratio and additional resources that would better address the child's needs.
The record is clear that the proposed relocation, which was necessitated by the mother's changed financial circumstances, was in the child's best interests because it would enhance the economic stability of the mother and the child and also provide the child with a satisfactory educational environment that offers additional resources to address his ADD. Moreover, the court mitigated the negative impacts associated with the relocation by increasing the father's parenting time and requiring that transportation be provided by the mother, thus preserving the father's ability to maintain a meaningful and active relationship with the child (see Matter of Lynk v Ehrenreich, 158 AD3d at 1006-1007; Matter of Perestam v Perestam, 141 AD3d at 759; Matter of Spaulding v Stewart, 124 AD3d 1111, 1113 [2015], lv denied 25 NY3d 903 [2015]; Bobroff v Farwell, 57 AD3d 1284, 1286 [2008]).
Garry, P.J., Egan Jr., Mulvey and Aarons, JJ., concur.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1:At trial, the attorney for the child opposed the mother's petition. A new attorney for the child was appointed to represent the child on appeal, who argues in support of the petition. Although the child's desires may be considered as part of the best interests analysis, they are not determinative (see Matter of Manell v Manell, 146 AD3d 1107, 1108 [2017]).