Matter of Hoppe v Hoppe (2018 NY Slip Op 07015)





Matter of Hoppe v Hoppe


2018 NY Slip Op 07015


Decided on October 18, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 18, 2018


[*1]In the Matter of MANUEL L. HOPPE JR., Appellant,
v
JAMIE L. HOPPE, Now Known as JAMIE L. SULLIVAN, Respondent. (Proceeding No. 1.)
In the Matter of JAMIE L. SULLIVAN, Respondent,
v
MANUEL L. HOPPE JR., Appellant. (Proceeding No. 2.)

Calendar Date: September 14, 2018

Before: Egan Jr., J.P., Lynch, Devine, Clark and Rumsey, JJ.


Matthew C. Hug, Albany, for appellant.
Law Office of Nancy M. Eraca, Elmira (Nancy M. Eraca of counsel), for respondent.
Andrea J. Mooney, Ithaca, attorney for the children.



MEMORANDUM AND ORDER
Clark, J.
Appeal from an order of the Family Court of Chemung County (Baker, J.), entered July 21, 2017, which, among other things, granted petitioner's application, in proceeding No. 2 pursuant to Family Ct Act article 6, for permission to relocate with the parties' children.
Manuel L. Hoppe Jr. (hereinafter the father) and Jamie L. Sullivan (hereinafter the mother) are the divorced parents of two children (born in 2006 and 2009). The parties' judgment of divorce incorporated, but did not merge, a 2011 settlement agreement, which — as modified by a 2013 Family Court order (Brockway, J.) — provided for joint legal custody, with the mother having primary physical custody of the children and the father receiving parenting time on Mondays through Wednesdays every other week, alternate weekends and holidays. In April 2017, after learning of the mother's plan to relocate with the children, the father commenced the first of these modification proceedings seeking primary physical custody of the children if the mother did in fact relocate or shared physical custody if she did not. The mother then commenced the second of these proceedings seeking permission to relocate with the children [*2]from the Town of Horseheads, Chemung County to the Town of Dansville, Steuben County. Following a July 2017 fact-finding hearing, Family Court (Baker, J.) dismissed the father's modification petition, granted the mother's relocation petition and modified the prior custody order to, among other things, provide the father with parenting time every other weekend and alternating weeks in the summer, with transportation to be provided by the mother. The father now appeals, primarily arguing that Family Court's determination is not supported by a sound and substantial basis in the record.
A proposed relocation provides the change in circumstances that is ordinarily required to modify an existing custody order (see Matter of Perestam v Perestam, 141 AD3d 757, 757-758 [2016]; Matter of Barner v Hampton, 132 AD3d 1098, 1099 [2015]; Matter of Adams v Bracci, 91 AD3d 1046, 1046-1047 [2012], lv denied 18 NY3d 809 [2012]). In such cases, the party seeking to relocate bears the burden of establishing, by a preponderance of the evidence, that the proposed relocation is in the best interests of the children (see Matter of Hempstead v Hyde, 144 AD3d 1438, 1439 [2016]; Matter of Cook-Lynch v Valk, 126 AD3d 1062, 1063 [2015]; Matter of Weber v Weber, 100 AD3d 1244, 1245 [2012]). In assessing the best interests of the children, a court must consider a variety of factors, including, but not limited to, "each parent's reasons for seeking or opposing the move, the quality of the relationships between the child[ren] and the custodial and noncustodial parents, the impact of the move on the quantity and quality of the child[ren's] future contact with the noncustodial parent, the degree to which the custodial parent's and child[ren's] li[ves] may be enhanced economically, emotionally and educationally by the move, and the feasibility of preserving the relationship between the noncustodial parent and child[ren] through suitable visitation arrangements" (Matter of Tropea v Tropea, 87 NY2d 727, 740-741 [1996]; accord Matter of Hoffman v Turco, 154 AD3d 1136, 1136-1137 [2017]).
Initially, the record supports Family Court's determination that the mother had "valid and sound reasons" for seeking to relocate with the children to Dansville, more than 50 miles away from the father's home in the Town of Corning, Steuben County. As established by the evidence, the mother remarried in May 2017 and sought to combine residences with her husband, who was contractually required to live within 25 miles of the hospital where he worked as a psychiatrist. The mother testified that, in the year preceding the hearing, she had been enrolled full time as a student at the State University of New York at Geneseo in pursuit of her Bachelor's degree and that she hoped to ultimately obtain her Master's degree and secure a teaching job. The mother asserted that the relocation would reduce her daily commute to and from Geneseo by two hours, which would, in turn, allow her to spend more time with the children. Additionally, testimony from both the mother and her husband — the children's stepfather — revealed that the stepfather had been assisting the mother financially while she pursued her undergraduate degree. However, the stepfather, who has two children of his own, testified that he could not sustain the financial burden of maintaining separate households long term. By all accounts, the children had developed positive relationships with the stepfather and his children.
The evidence also demonstrated that, although the father had lived 45 minutes away from the children for more than five years, he had recently bought a house that was only 15 minutes away from the mother's home in Horseheads. Both the father and his wife — the children's stepmother — testified that the quality of the father's parenting time with the children, as well as the father's relationship with the mother, improved when the father moved closer to the children. The father opposed the mother's relocation with the children on the basis that the increased distance between his new home and the stepfather's home in Dansville would reduce the frequency with which he would see the children, impair his ability to attend the children's extracurricular activities and require the children to spend too much time traveling. The father therefore requested primary physical custody of the children if the mother relocated. The children, through their attorney, expressed a desire for their time to be split 50/50 between their parents. The testimony established that the mother had been the primary custodian since 2010, and an award of primary physical custody to the father would — like the mother's relocation — require the children to change schools. While the mother presented evidence that the children would enjoy smaller class sizes and a greater offering of extracurricular activities in Dansville, as [*3]compared to their schools in Horseheads, no evidence was presented regarding the father's school district.
It is clear from the record that both the mother and the father are loving, capable and involved parents who have each developed strong bonds with their children and have actively promoted the children's positive relationships with the other parent. Nonetheless, the mother demonstrated, by a preponderance of the evidence, that her relocation with the children from Horseheads to Dansville would benefit the children emotionally, educationally and economically, particularly given that she and her husband could form a new cohesive family unit and consolidate household expenses and that she could more easily pursue her anticipated collegiate degrees (see Matter of Perestam v Perestam, 141 AD3d at 758-759; Matter of Bobroff v Farwell, 57 AD3d 1284, 1286 [2008]). While the mother's relocation with the children makes the father's weekday parenting time difficult, Family Court reasonably considered the fact that the parties had successfully coparented from a similar household distance for over five years and that the father had proven an ability to exercise consistent and meaningful parenting time with the children under those less than ideal circumstances. Moreover, in recognition that the father would have less overall time with the children during the school year, Family Court fashioned a parenting time schedule that afforded the father greater time during the children's summer breaks and directed that the mother be responsible for all transportation to and from the father's parenting time. In our view, Family Court's determination to grant the mother's relocation petition reflects a careful weighing of the relevant factors in an effort to serve the best interests of the children and is supported by a sound and substantial basis in the record (see Matter of Spaulding v Stewart, 124 AD3d 1111, 1113 [2015], lv denied 25 NY3d 903 [2015]; Matter of Shirley v Shirley, 101 AD3d 1391, 1393 [2012]; Matter of Bobroff v Farwell, 57 AD3d at 1286-1287).
While there is no basis upon which to disturb Family Court's determination to grant the mother's relocation petition, we agree with the father that the parenting time schedule fashioned by the court unnecessarily results in a slight net reduction of the overall parenting time he had under the prior custody order (compare Matter of Perestam v Perestam, 141 AD3d at 759; Matter of Spaulding v Stewart, 124 AD3d at 1113; Matter of Cole v Reynolds, 110 AD3d 1273, 1276 [2013])[FN1]. We therefore modify the father's parenting time schedule to include an additional seven days of parenting time during the children's summer vacation, with such additional time to be exercised during either the first or the last week of summer vacation so that the father has two consecutive weeks of parenting time with the children.
Egan Jr., J.P., Lynch, Devine and Rumsey, JJ., concur.
ORDERED that the order is modified, on the law, without costs, by awarding Manuel L. Hoppe Jr. additional parenting time as set forth in this Court's decision, and, as so modified, affirmed.



Footnotes

Footnote 1: While the attorney for the children also argued that the father should be awarded additional parenting time, she did not file a notice of appeal and, therefore, may not seek affirmative relief (see Matter of Cunningham v Talbot, 152 AD3d 886, 887 [2017]; Matter of Gonzalez v Hunter, 137 AD3d 1339, 1341 n [2016], lv dismissed and denied 27 NY3d 1061 [2016]).