Matter of Latoya B. v Marvin D. (2021 NY Slip Op 01104)





Matter of Latoya B. v Marvin D.


2021 NY Slip Op 01104


Decided on February 18, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 18, 2021

530164

[*1]In the Matter of Latoya B., Respondent,
v
Marvin D., Appellant.

Calendar Date: January 6, 2021

Before: Egan Jr., J.P., Aarons, Pritzker, Reynolds Fitzgerald and Colangelo, JJ.


Michelle I. Rosien, Philmont, for appellant.
Joseph R. Williams, Albany, for respondent.
Alexander W. Bloomstein, Hillsdale, attorney for the children.



Pritzker, J.
Appeal from an order of the Family Court of Columbia County (Jacon, J.H.O.), entered August 19, 2019, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to relocate with the subject children.
Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the parents of two children (born in 2010 and 2014). In October 2017, Family Court issued a so-ordered stipulation that, among other things, granted joint legal custody and primary physical custody to the mother and granted the father parenting time one evening a week and alternating weekends. In April 2019, the mother petitioned Family Court to relocate from the City of Hudson, Columbia County, where she resided with the children, to Tucson, Arizona, where her new husband was a pastor at two congregations of the church to which she belonged. Family Court held a fact-finding hearing in June 2019 in which the mother and the father testified. After the hearing, Family Court granted the mother's petition to relocate and ordered, among other things, that the father have parenting time during summer vacations and fall and spring school breaks, and that the mother and the father share the costs of transporting the children between Arizona and New York. The father appeals, and we affirm.
"The party seeking to relocate bears the burden of establishing that the move is in the [children's] best interests by a preponderance of the evidence, and a court's determination will not be disturbed on appeal when it is supported by a sound and substantial basis in the record" (Matter of Spaulding v Stewart, 124 AD3d 1111, 1112 [2015] [citations omitted], lv denied 25 NY3d 903 [2015]; see Matter of Hoffman v Turco, 154 AD3d 1136, 1136 [2017]). In making this determination, the court must consider a variety of factors, including, but not limited to, "each parent's reasons for seeking or opposing the move, the quality of the relationships between the [children] and the custodial and noncustodial parents, the impact of the move on the quantity and quality of the [children's] future contact with the noncustodial parent, the degree to which the custodial parent's and [children's lives] may be enhanced economically, emotionally and educationally by the move, and the feasibility of preserving the relationship between the noncustodial parent and [children] through suitable visitation arrangements" (Matter of Tropea v Tropea, 87 NY2d 727, 740-741 [1996]; accord Matter of Hoffman v Turco, 154 AD3d at 1136-1137). "Inasmuch as Family Court is in a superior position to evaluate witness testimony and credibility, we accord great deference to its determination and will not disturb it if supported by a sound and substantial basis in the record" (Matter of James TT. v Shermaqiae UU., 184 AD3d 975, 977 [2020] [citation omitted]; see Matter of O'Hara v DeMarsh, 161 AD3d 1271, 1272 [2018]).
Here, the record establishes that the mother's recent marriage triggered her [*2]relocation petition, and the father opposed the petition because less frequent parenting time could damage his relationship with the children. Although the testimony established that the father and the children love each other, they do not communicate routinely. The father has also failed to stay apprised of the children's appointments and activities,[FN1] even though his joint legal custody of the children affords him direct access to such information.[FN2] Additionally, it was undisputed that the father did not avail himself of all of the parenting time that he was awarded pursuant to the prior stipulation. Testimony also established that the mother has been the primary caregiver of the children since their births.
Family Court credited testimony by the mother that the relocation would lead to a much-improved quality of life for the children, not only educationally, but also economically and culturally. The mother testified that, if permitted to relocate, she would be agreeable to the children spending their summer and school breaks with the father in New York and she would travel with the children as they are too young to travel on their own. The mother also testified that she hoped to split the cost of transporting the children from Arizona to New York with the father but, if he was unable to afford his share, she would pay for the cost herself. Based upon the foregoing, the mother met her burden of demonstrating by a preponderance of the evidence that it is in the children's best interests to relocate with the mother to Arizona (see Matter of James TT. v Shermaqiae UU., 184 AD3d at 978; Matter of Cole v Reynolds, 110 AD3d 1273, 1276 [2013]). Family Court mitigated the relocation's impact on the children's contact with the father by mandating that the mother ensure "liberal telephone contact" between the children and the father and by awarding the father parenting time during the children's summer vacations and school breaks, resulting in a net gain of parenting time over the course of a year (see Matter of James TT. v Shermaqiae UU., 184 AD3d at 978; Matter of Rebekah R. v Richard R., 176 AD3d 1340, 1342 [2019]). Our review of the record reveals that Family Court "carefully considered the relevant factors and that its decision is supported by a sound and substantial basis in the record" (Matter of Cole v Reynolds, 110 AD3d at 1276; see Matter of Rebekah R. v Richard R., 176 AD3d at 1343).
Nor do we find that Family Court abused its discretion in ordering that the mother and the father share the cost of travel expenses related to the father's parenting time. To that end, Family Court considered testimony that the father was not paying an appropriate amount of child support pursuant to Family Ct Act § 413. The court determined that the difference between what the father was paying and, by statute, should be paying was "more than adequate to provide for the costs of transportation that [the father will] incur to exercise his visitation with [*3]the children." Notably, Family Court ordered that, if the father can demonstrate that he is paying "proper" child support pursuant to Family Ct Act § 413, then the mother must bear the travel expenses. Given the foregoing, Family Court "providently exercised its discretion" in ordering that the mother and the father evenly share the travel expenses (Matter of Fegadel v Anderson, 40 AD3d 1091, 1093 [2007]; see Matter of Henderson v Henderson, 20 AD3d 421, 422 [2005]; see generally Matter of Casarotti v Casarotti, 107 AD3d 1336, 1340 [2013], lv denied 22 NY3d 852 [2013]).
Egan Jr., J.P., Aarons, Reynolds Fitzgerald and Colangelo, JJ., concur.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1: There was testimony that the father contacted the children's school on one occasion approximately one month prior to the fact-finding hearing.

Footnote 2: To the extent that the father argues that his shortcomings in this area are attributable to the mother's failure to communicate, Family Court took account of the strained relationship between the mother and the father and concluded that denying relocation would not improve their ability to communicate.