Matter of Tanya B. v Tyree C. (2019 NY Slip Op 00011)





Matter of Tanya B. v Tyree C.


2019 NY Slip Op 00011


Decided on January 3, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 3, 2019

525624

[*1]In the Matter of TANYA B., Petitioner,
v
TYREE C., Appellant.

Calendar Date: November 20, 2018

Before: Garry, P.J., Mulvey, Aarons, Rumsey and Pritzker, JJ.


Larisa Obolensky, Delhi, for appellant.
Nicholas J. Tuttle, Vestal, attorney for the children.



MEMORANDUM AND ORDER
Rumsey, J.
Appeal from an order of the Family Court of Broome County (Pines, J.), entered August 18, 2017, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, for permission to relocate with the parties' child.
Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the parents of one child (born in 2010). Pursuant to a June 2013 order, the mother had sole custody of the child and the father had supervised visitation as agreed upon by the parties. In February 2017, the mother commenced this proceeding seeking permission to relocate from Broome County to Virginia with the child. Following an evidentiary hearing, Family Court granted the mother's petition to relocate. The father appeals.
"In contrast to an ordinary modification proceeding, where the petitioning party must demonstrate a change in circumstances and that a modification would be in the child's best interests, a relocation is accepted as a change in circumstances, requiring the parent seeking the move to demonstrate that relocating the child with the custodial parent is in the child's best interests. The party seeking to relocate bears the burden of establishing that the move is in the child's best interests by a preponderance of the evidence, and a court's determination will not be disturbed on appeal when it is supported by a sound and substantial basis in the record. In evaluating the best interests of the child, a court must consider such factors as each parent's reasons for seeking or opposing the move, the quality of the relationships between the child and the parents, the impact of the move on the quantity and quality of the child's future contact with the noncustodial parent, the degree to which the custodial parent's and child's lives may be enhanced economically, emotionally and educationally by the move, and the feasibility of preserving the relationship between the noncustodial parent and child through suitable visitation arrangements" (Matter of Hammer v Hammer, 163 AD3d 1208, 1208-1209 [2018] [internal quotation marks, brackets and citations omitted]).
The mother testified that she had been unemployed for two years and been unsuccessful in her efforts to obtain employment. During that time, her sole source of income was monthly Social Security disability benefits of $1,000. She had obtained a written offer of employment [*2]and suitable housing in Virginia — approximately a six-hour drive from Broome County — where she would reside near a close friend who has family in the area, including grandchildren of comparable ages to the child. The mother had recently married an individual who did not live with her in Broome County, but who planned to relocate to Virginia with her. She further testified that their combined income — including her continued receipt of disability benefits while employed — would allow them to meet all living expenses.
Family Court noted that the mother had had sole custody of the child for several years and that the father's relationship with the child was almost nonexistent, as evidenced by the fact that he had only seen the seven-year-old child once or twice during the preceding four years. The mother testified that she would aid in fostering the relationship between the child and the father through regular video and telephone contact. She further testified that she planned to return to Broome County at least five times per year to visit her two adult children, and that the father would have the opportunity for parenting time during those visits. Family Court found that the proposed visitation schedule was sufficient to promote the relationship between the father and the child. Accordingly, we conclude that the record contains a sound and substantial basis for Family Court's determination that the proposed relocation is in the child's best interests (see Matter of Emily GG. v Tyler HH., 154 AD3d 1097, 1098-1099 [2017]; Matter of Perestam v Perestam, 141 AD3d 757, 759 [2016]).
Garry, P.J., Mulvey, Aarons and Pritzker, JJ., concur.
ORDERED that the order is affirmed, without costs.