■ In the Matter of GAIL LANDOWSKI, Appellant, v PAUL J. LANDOWSKI, Respondent. — Appeal from that part of an order of the Family Court of Tompkins County (Barrett, J.), entered September 9, 1981, which directed that the parties share transportation costs equally for child visitation. The sole issue on this appeal is whether Family Court erred by directing that the parties share transportation costs for visitation. Petitioner lives in Freeville, New York, and respondent in Perry, New York. The order requires that the parties deliver and pick up the children for visitation periods at Geneva, New York, which is midway between their respective residences. Petitioner asserts that there is no evidence in the record as to her financial ability to share the costs of transporting the children to Geneva and return, and that a further hearing is necessary to properly allocate the cost burden. We disagree. Although the record does not establish the actual costs of transportation, it does show that the parties are on a substantially equal footing. Since Family Court explored the circumstances of the case and of the respective parties, we cannot say it abused its discretion in apportioning liability evenhandedly (Family Ct Act, § 413; *Amsterdam Mem. Hosp. v Bardascino,* 84 AD2d 590; *Tessler v Siegel,* 59 AD2d 846). Order affirmed, without costs. Mahoney, P. J., Sweeney, Main, Casey and Weiss, JJ., concur.