■ In the Matter of JULIO N. MOLINA, Appellant, v MARY A. LESTER, Respondent. [922 NYS2d 606]—

Kavanagh, J. Appeal from an order of the Family Court of Chemung County (Hayden, J.), entered June 24, 2010, which partially granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody.

Petitioner (hereinafter the father) and respondent (hereinafter the mother) have four children, two of whom (born in 1998 and 2002) reside with the mother in New York and are the subject of this appeal (hereinafter the older child and the younger child, respectively). Since 2004, the father, who now resides

---

in Florida, has periodically traveled to New York to visit with the children and the children, on two separate occasions, have traveled with the mother to Florida to visit with him and other members of their family. In December 2009, the father filed this petition seeking additional access to the children allowing the children to travel to Florida to visit with him. After it conducted a fact-finding hearing as well as a *Lincoln* hearing, Family Court directed that the children travel to Florida once a year to visit with the father, but ordered that they be accompanied by the mother, with the father paying all costs incurred in connection with such a trip. It also provided that the father would have unrestricted visitation with the children in New York. The father now appeals.[1]

Initially, the father claims that Family Court failed to make adequate findings on the record upon which it based its decision that the mother must accompany the children when they travel to Florida. We disagree and find that Family Court's decision as reflected by the record contains sufficient detail upon which we may perform appropriate appellate review (*see* Family Ct Act § 165 [a]; CPLR 4213 [b]; *compare Matter of Whitaker v Murray*, 50 AD3d 1185, 1186-1187 [2008]).

Turning to the merits, the principal issue raised by the father on this appeal is whether the evidence submitted at the hearing supports Family Court's determination that the children's best interests are served by requiring that they make but one visit to Florida each year and that the mother accompany them on such a visit. "Family Court has broad discretion in determining an appropriate visitation schedule, and its findings in that regard are entitled to great deference unless they lack a sound and substantial basis in the record" (*Matter of Daniel v Pylinski*, 61 AD3d 1291, 1292 [2009]; *see Matter of Braswell v Braswell*, 80 AD3d 827, 831 [2011]). Here, the mother testified that the older child is "disconnected" from the father because of the limited contact she has had with him since he moved to Florida and has threatened to harm herself and run away if forced to make this trip without the mother being present. The mother also claims that this anxiety is due in part to the older child having personally witnessed angry confrontations between her and the father,

---

1. When the father completed his presentation of evidence at the hearing, Family Court, by denying the mother's motion to dismiss, implicitly found that a change of circumstance had occurred as alleged in the petition. The mother has not appealed either the denial of that motion or the court's order giving the father unrestricted access to the children when in New York.

some of which were violent,[2] and she states that the older child's anxiety about the court proceedings involving the father's request to have her travel to Florida has become so acute that it requires professional counseling. On this record, we cannot say that Family Court's determination that the mother accompany this child to Florida on these visits is not in the child's best interests (*see Matter of Shangraw v Shangraw*, 61 AD3d 1302, 1304 [2009]).

However, similar concerns have not been raised about the younger child nor has any evidence been admitted indicating that she would be adversely affected if required to travel to Florida to see the father without the mother being present or that her best interests require that such visits be limited to one per year.[3] Therefore, we remit this matter to Family Court for the purpose of establishing a visitation schedule for the younger child that would allow her to travel to Florida to visit with her father without the mother accompanying her, and to do so more than once each year. In doing so, we note that Family Court may consider any recent information provided by the parties that may impact this new visitation for the younger child in Florida.

We also note that Family Court, in directing that the mother accompany the children when they travel to Florida, did not provide that she must be with them whenever they are with the father during these visits. The court simply provided that when the children travel to Florida, the mother "shall be present *in Florida* as well" (emphasis added).[4] In addition, the parties always have the right to seek a modification of the terms of this order if a change of circumstances has, in fact, occurred and such modification would be in the children's best interests.

Finally, the father argues that he should not have to pay for the mother to travel to Florida with the children.[5] We agree to the extent that the father's financial obligation for the mother's travel expenses incurred on these trips should be limited to the cost of her round trip airplane ticket.

Spain, J.P., Lahtinen, McCarthy and Egan Jr., JJ., concur.

---

2. The father has denied these claims.

3. The father has agreed to accompany the younger child on the airplane to and from New York when she makes these visits.

4. The father also complains that the mother insists on being present during any visits he has with the children in New York. We see no such restriction in Family Court's order, nor do we find, based upon the record, that such a requirement is in the children's best interests.

5. The father will continue to pay all costs incurred by the children when they make this trip.

Ordered that the order is modified, on the facts, without costs, by reversing so much thereof as required respondent to accompany the younger child to Florida, required petitioner to bear the total costs of respondent's travel to Florida and limited the younger child's visitation to one trip per year; petitioner is required to bear the costs of respondent's round trip airplane ticket to and from Florida only and matter remitted to the Family Court of Chemung County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.