Matter of Jahleel SS. v Chanel TT. (2022 NY Slip Op 00232)





Matter of Jahleel SS. v Chanel TT.


2022 NY Slip Op 00232


Decided on January 13, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:January 13, 2022

532547
[*1]In the Matter of Jahleel SS., Petitioner,
v
Chanel TT., Respondent. (Proceeding No. 1.)
In the Matter of Chanel TT., Appellant,
v
Jahleel SS., Respondent. (Proceeding No. 2.) (And Four Other Related Proceedings.)

Calendar Date:December 16, 2021

Before:Garry, P.J., Lynch, Aarons and Reynolds Fitzgerald, JJ.

John Ferrara, Monticello, for appellant.
Cliff Gordon, Monticello, for Jahleel SS., respondent.
Marcia Heller, Rock Hill, attorney for the child.



Reynolds Fitzgerald, J.
Appeal from an order of the Family Court of Sullivan County (Meddaugh, J.), entered November 25, 2020, which, among other things, dismissed petitioner's application, in proceeding No. 2 pursuant to Family Ct Act article 6, to modify a prior order of custody and visitation.
Chanel TT. (hereinafter the mother) and Jahleel SS. (hereinafter the father) are the parents of a daughter (born in 2018). Pursuant to a May 2019 custody order on consent, the parties shared joint legal custody of the child, with the father having primary physical custody and the mother receiving liberal and reasonable parenting time [FN1] as the parties could agree. In June 2020, the father filed a family offense petition alleging that the mother threatened him and attempted to assault his mother. The father also filed a violation petition and a modification petition in July 2020 alleging, among other things, that the mother has a mental illness, uses drugs, is late in returning the child and that, when she does return the child, the child is often hungry, disheveled and dirty. The mother filed two violation petitions in June and July 2020 alleging that when she went to pick up the child on June 25, 2020, the child was in New Jersey and, on July 2, 2020, the father did not answer the door. The mother also filed a modification petition in July 2020 requesting that the child reside with her based upon an alleged agreement between the parties providing that, when she graduated from high school, she would have primary physical custody of the child. She further sought to have the father be responsible for both pick up and drop off of the child with regard to parenting time. Following a fact-finding hearing,[FN2] Family Court continued physical custody with the father but expanded the mother's custodial periods to every other week from Friday at 5:00 p.m. until Wednesday at 3:30 p.m., with pick up and drop off to occur at a mid-way point, plus one half of all major holidays. The mother appeals.[FN3]
"A party seeking to modify a prior order of custody must show that there has been a change in circumstances since the prior order and, then, if such a change occurred, that the best interests of the child would be served by a modification of that order" (Matter of Leah V. v Jose U., 195 AD3d 1120, 1121 [2021] [internal quotation marks and citation omitted]). In light of the parties' agreement to reassess the child's custodial arrangements after the mother graduated from high school, Family Court determined that the mother's graduation from high school constituted a change in circumstances. Additionally, the record demonstrates that the parties were unable to agree as to the mother's custodial periods. Accordingly, we find that a change in circumstances was demonstrated warranting an inquiry into the best interests of the child (see Matter of Jessica HH. v Sean HH., 196 AD3d 750, 753 [2021]; Matter of Jennifer VV. v Lawrence WW., 186 AD3d 946, 948 [2020]).
A best interests analysis involves [*2]consideration of factors such as "the quality of the parents' respective home environments, the need for stability in the child[]'s li[fe], each parent's willingness to promote a positive relationship between the child[] and the other parent and each parent's past performance, relative fitness and ability to provide for the child[]'s intellectual and emotional development and overall well-being" (Matter of Jessica HH. v Sean HH., 196 AD3d at 753 [internal quotation marks and citations omitted]). "Family Court's credibility assessments and factual findings will not be disturbed as long as they have a sound and substantial basis in the record" (Matter of Kelly CC. v Zaron BB., 191 AD3d 1101, 1103 [2021] [internal quotation marks and citations omitted]).
The parties are both employed and have comparable work schedules and home environments. Both parties are loving parents. However, the evidence establishes that the father is more capable of providing greater stability to the child and better able to provide for the child's overall well-being, as he has cared for the child since she was two months old, has arranged for his mother to provide child care while he is working, and has made all arrangements for the child's medical care. In contrast, the mother did not have a cell phone and has had to rely on others for transportation.[FN4] In addition, the maternal grandmother, the mother's sole child care provider, was undergoing dialysis treatments three times per week at the time of the hearing. Although the mother complained that she did not know who the child's pediatrician was, what the child liked to eat or what the child's favorite color was because of the father's lack of communication, she frankly stated that she had never asked the father these questions. Likewise, although the mother lamented that she did not have a connection with the child, the mother did not call or video chat with the child when she was with the father.
As to promoting a positive relationship between the child and the other parent, the mother candidly admitted that she did not answer the father's phone calls when the child was with her, she did not believe that the father needed to speak to the child when she is with her, and she stated that she did not "care about [the child] having contact with her dad." Although not dispositive, we note that the attorney for the child supports the custodial arrangement as modified by Family Court. Considering the totality of the circumstances and according deference to Family Court's credibility determinations, we find that the modified custodial arrangement has a sound and substantial basis in the record (see Matter of Kelly CC. v Zaron BB., 191 AD3d at 1106; Matter of Daniel XX. v Heather WW., 180 AD3d 1166, 1168 [2020]; Matter of Emmanuel SS. v Thera SS., 152 AD3d 900, 903 [2017], lv denied 30 NY3d 905 [2017]).
Garry, P.J., Lynch and Aarons, JJ., concur.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1: Such parenting time was to include communication via phone, text messages and video.

Footnote 2: A Lincoln hearing was not held due to the child's tender age.

Footnote 3: Family Court also dismissed the mother's and the father's violation petitions, as well as the father's family offense petition and modification petition. The mother raises no issues in her brief with respect to the dismissal of her violation petitions.

Footnote 4: The mother testified that the person she relied upon was "not reliable at all" and that is "the reason [that she is] not on time from picking [the child] up and dropping her [off]."