Matter of Andrea H. v Justin I. (2022 NY Slip Op 01080)





Matter of Andrea H. v Justin I.


2022 NY Slip Op 01080


Decided on February 17, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:February 17, 2022

532725
[*1]In the Matter of Andrea H., Appellant,
v
Justin I., Respondent.

Calendar Date:January 10, 2022

Before:Egan Jr., J.P., Clark, Pritzker and Colangelo, JJ.

Lisa K. Miller, McGraw, for appellant.
Clea Weiss, Ithaca, for respondent.
Susan B. McNeil, Brooktondale, attorney for the children.



Clark, J.
Appeal from an order of the Family Court of Chemung County (Tarantelli, J.), entered October 21, 2020, which partially dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 6, for custody of the parties' children.
Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the parents of two children (born in 2008 and 2009). When the parties separated, the children remained with the mother, but an informal agreement on parenting time was later reached, at which point the parties, who lived about three hours apart from one another, would meet halfway to exchange the children. The mother eventually filed a custody petition seeking a formal arrangement. During the pendency of her application, which was somewhat protracted due to the COVID-19 pandemic, the father relocated to Florida with his wife to take care of certain family members with failing health. Following a hearing, Family Court issued its findings from the bench. The court first awarded the parties joint legal custody of the children with primary physical custody to the mother, as the parties had agreed. As relevant to this appeal, the father was awarded set parenting time over Christmas and the children's spring school breaks in odd years, and, in even years, he was awarded parenting time following the Christmas holiday. He was also given the option to exercise parenting time with the children during their winter breaks in February or March. For the summer, the father was granted four weeks of parenting time with the children, which was to be either one four-week visit or, if the mother agreed to assume the transportation costs for a second visit to Florida, two two-week visits. So long as the father paid a minimum of $100 per week in child support and was not more than six weeks behind in his current child support obligation, the parties were to split the transportation costs associated with effectuating the father's Christmas break parenting time in odd years and for one of the visits each summer. In all other instances, the father would be solely responsible for transportation costs, and an annual cap of $750 was set for the mother's share of transportation expenses. As so limited by her brief, the mother appeals from the portion of Family Court's order concerning transportation costs.
Family Court's directive that the mother contribute to the transportation costs to effectuate the father's parenting time is fair and appropriate. The mother was unemployed at the time of the hearing and was receiving $220 per week in unemployment insurance benefits, along with child support from the father, which she estimated to be around $200. When she was working, she earned $750 every two weeks. The father and his wife were also unemployed, which the father testified was due to the pandemic. He was receiving $504 per week in unemployment benefits at the time of the hearing, from which his child support obligation was deducted —[*2]$170 per week pursuant to a December 2019 order of support and $50 per week to satisfy a payment plan for child support arrears.[FN1] Prior to losing his employment, the father earned between $900 and $1,200 per week, depending on overtime. Thus, as Family Court observed, the parties were "on fairly equal footing" financially at the time of the hearing. Although it is relevant that the father's voluntary relocation to Florida led to the increased transportation costs (see Matter of Corydon YY. v Laura ZZ., 177 AD3d 1116, 1117 [2019]), the father still bears a substantial portion of the costs under the subject order. It is also not disputed that each parent spent about $60 per month, or $720 per year, on transportation-related expenses when the father resided in New York, and the mother's annual contribution to the subject transportation costs was capped at $750. We therefore find that there is a sound and substantial basis for Family Court's allocation of transportation costs (see Matter of Latoya B. v Marvin D., 191 AD3d 1123, 1125-1126 [2021]; Matter of Corydon YY. v Laura ZZ., 177 AD3d at 1117; Matter of Miller v Shaw, 160 AD3d 743, 744 [2018]; Matter of Felty v Felty, 108 AD3d 705, 709 [2013]; Matter of Casarotti v Casarotti, 107 AD3d 1336, 1340 [2013], lv denied 22 NY3d 852 [2013]; Matter of Landowski v Landowski, 91 AD2d 784, 784 [1982]).[FN2]
Lastly, we disagree that Family Court's award requires remittal for clarification. The mother takes issue with the provision of the order directing that the parties split transportation costs as described above so long as the father pays a minimum of $100 per week in child support and was not more than six weeks behind in his "current child support obligation." In her view, it would seem that she should not have to bear any transportation costs at the present given that the father was approximately $11,000 in arrears at the time the subject order was issued. As noted above, the father's child support arrears are being handled separately pursuant to a payment plan, which is premised upon the parties' consent that arrears would be collected at a rate of no more than $50 per week. Family Court plainly states in its oral decision that it was referring to the father's obligation under the current support order when fashioning the above-challenged provision, not the father's "old arrears." Thus, as long as the father pays at least $100 a week in child support and is no more than six weeks behind with respect to his current support obligation, presently $170 per week pursuant to the December 2019 order, then the mother must contribute to transportation costs as set forth in the subject order.
Egan Jr., J.P., Pritzker and Colangelo, JJ., concur.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1: We take judicial notice of the parties' various support orders supplied by the father (see McAuliffe v McAuliffe, 200 AD3d 1114, 1115 n 2 [2021]; Matter of Darnell R. v Katie Q., 195 AD3d 1083, 1084 n 1 [2021]).

Footnote 2: The attorney for the children agrees that the current allocation of costs is appropriate as it furthers the children's desire to spend as much time with the father as possible, which otherwise could be cost prohibitive.