Matter of Maranda WW. v Michael XX. (2023 NY Slip Op 04622)

Matter of Maranda WW. v Michael XX.

2023 NY Slip Op 04622

Decided on September 14, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:September 14, 2023

536033
[*1]In the Matter of Maranda WW., Respondent,
v
Michael XX., Appellant.

Calendar Date:August 17, 2023

Before:Garry, P.J., Egan Jr., Clark, Fisher and McShan, JJ.

Michelle I. Rosien, Philmont, for appellant.
Jane M. Bloom, Monticello, for respondent.
Ivy M. Schildkraut, Rock Hill, attorney for the child.

Fisher, J.
Appeal from an order of the Family Court of Sullivan County (Mark M. Meddaugh, J.), entered August 17, 2022, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody and visitation.
Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the parents of a child (born in 2017). Pursuant to a September 2019 custody order on consent, the parties shared joint legal custody of the child, with the father having primary physical custody and the mother receiving supervised parenting time on alternate weekends. In addition, the father was responsible for the transportation of the child to the mother for her parenting time. At the time that the custody order was entered, the mother and the father were living in contiguous counties (Orange and Sullivan Counties, respectively). The custody order further provided that the mother's successful completion of an alcohol and substance abuse treatment program shall be grounds to file a petition to modify the order. Thereafter, the mother moved to Otsego County and, in July 2021 following the successful completion of both inpatient and outpatient substance abuse treatment programs, filed a modification petition seeking, among other things, unsupervised parenting time. Following a hearing, Family Court, among other things, granted the mother certain unsupervised parenting time for two weekends a month, whereby the first weekend of the month would occur in Otsego County with the father responsible for transporting the child. For the second weekend of the month, the mother would travel to a suitable location in either Sullivan or Orange County to visit the child, whereby the mother would be responsible for arranging activities, accommodations and transportation for the child. The father appeals.
We affirm. "A party seeking to modify a prior order of visitation must first demonstrate a change in circumstances since the entry of such order so as to trigger an analysis as to whether modification would serve the best interests of the child" (Matter of Jaxon UU. [Tammy I.-Nicole H.], 193 AD3d 1269, 1272 [3d Dept 2021] [internal quotation marks and citations omitted]). "Notably, an order entered on consent, without a plenary hearing, is entitled to less weight" (Matter of Virginia OO. v Alan PP., 214 AD3d 1045, 1046 [3d Dept 2023] [internal quotation marks and citations omitted]). As provided in the September 2019 order, the parties agreed that the mother's successful completion of an alcohol and substance abuse treatment program shall be grounds to file a petition to modify said order. At the hearing, the mother testified and proffered documentary evidence demonstrating her participation and positive discharge from the requisite programs. The father did not object to the substance and conclusions expressed in the documentary evidence, and during his testimony referenced the mother's completion of "rehab." Given the parties' agreement [*2]and the evidence adduced at the hearing, Family Court properly determined that the mother's successful completion of the substance abuse treatment programs was a change in circumstances warranting an inquiry into the best interests of the child (see Matter of Denise VV. v Ian VV., 205 AD3d 1090, 1091 [3d Dept 2022]; Matter of Jahleel SS. v Chanel TT., 201 AD3d 1172, 1173 [3d Dept 2022]; see also Matter of Beeken v Fredenburg, 145 AD3d 1394, 1396 [3d Dept 2016]; compare Matter of Fish v Fish, 112 AD3d 1161, 1161 [3d Dept 2013]).
Therefore, we focus our inquiry on whether Family Court's determination that the mother have unsupervised visitation with the child served the child's best interests (see Matter of Williams v Patinka, 144 AD3d 1432, 1433 [3d Dept 2016]). "Generally, the best interests of a child lie in having a healthy and meaningful relationship with the noncustodial parent" (Matter of Michael NN. v Robert OO., 210 AD3d 1326, 1326-1327 [3d Dept 2022] [internal quotation marks, brackets, ellipsis and citation omitted], lv denied 39 NY3d 910 [2023]). "Family Court has the discretion to impose supervised visitation if it determines that unsupervised visitation would be detrimental to the child[ ]'s safety because the parent is either unable or unwilling to discharge his or her parental responsibility properly" (Matter of Brandon HH. v Megan GG., 214 AD3d 1036, 1037 [3d Dept 2023] [internal quotation marks and citations omitted]). "In making a best interests determination, Family Court must consider a variety of factors, including the quality of the parents' respective home environments, the need for stability in the child's life, each parent's willingness to promote a positive relationship between the child and the other parent and each parent's past performance, relative fitness and ability to provide for the child's intellectual and emotional development and overall well-being" (Matter of Joshua PP. v Danielle PP., 205 AD3d 1153, 1155 [3d Dept 2022] [internal quotation marks and citations omitted], lv denied 39 NY3d 901 [2022]). "Ultimately, Family Court has broad discretion in determining whether supervised visitation is warranted, and its decision will only be disturbed by this Court when it lacks a sound and substantial basis in the record" (Matter of Michael U. v Barbara U., 189 AD3d 1909, 1911 [3d Dept 2020] [internal quotation marks and citation omitted]; see Matter of David JJ. v Verna-Lee KK., 207 AD3d 841, 843 [3d Dept 2022]).
The father contends that the unsupervised visitation determination was not in the best interests of the child and lacks a sound and substantial basis in the record because of the mother's history of drug and alcohol abuse, as well as her mental health, criminal history and lack of a driver's license or stable employment. The record reveals that the mother had been successful in her recovery from her abuse of opioids and alcohol, remaining sober from each substance for over two years and voluntarily continuing [*3]to attend counseling at an outpatient clinic. Although the record demonstrates that the mother has been regularly using medical marihuana, she testified that such use was prescribed by a healthcare provider to treat and manage her various mental health conditions, and that this treatment has been successful in doing so. To this end, the mother testified that she has prioritized her sobriety and mental health, and that she has not experienced a mental health episode during any previous visits with the child. The mother further acknowledged that she does not have a driver's license as a result of pending criminal charges from 2018 for felony driving while intoxicated, but she testified that she was working to resolve such matter and that she lives in an area that is within close proximity to emergency services — a point also highlighted by the attorney for the child. The record further demonstrates that the mother has secured stable housing and employment and that she has regularly visited and communicated with the child. Although not dispositive, we note that the attorney for the child supports the visitation arrangement as modified by Family Court. As such, and according due deference to Family Court's credibility determinations and factual findings, a sound and substantial basis in the record exists for the conclusion that it is in the child's best interests to have unsupervised parenting time with the mother (see Matter of Jahleel SS. v Chanel TT., 201 AD3d at 1175; see also Matter of Michael NN. v Robert OO., 210 AD3d at 1328; Matter of Christopher WW. v Avonna XX., 202 AD3d 1425, 1427 [3d Dept 2022]).
Lastly, as it relates to the portion of the order directing the father to provide transportation of the child to Otsego County, generally, a court may place the entire burden of transportation upon one parent (see Matter of Spaulding v Stewart, 124 AD3d 1111, 1113 [3d Dept 2015], lv denied 25 NY3d 903 [2015]; Matter of Molina v Lester, 84 AD3d 1462, 1464 [3d Dept 2011]; Matter of Mathie v Mathie, 65 AD3d 527, 531 [2d Dept 2009]). In making this determination, Family Court considered the new and significantly longer distance between the parties' residences, the mother's lack of transportation and the limited options for public transportation. The court further considered the father's propensity to occasionally work overtime on the weekends with limited prior notice from his employer and his additional obligations to care for an infant on some weekends while his fiancÉe was at work. In modifying the September 2019 order — which required the father to be solely responsible for transporting the child — Family Court balanced the burdens of transportation on each party, further creating a flexible exception in favor of the father if he were to be assigned to work overtime on a visitation weekend and also establishing a halfway meeting location once the mother's driver's license was reinstated. Although we take judicial notice of a posthearing order in [*4]March 2023, which reduced the mother's child support obligation by the amount of the cost of her travel from Otsego County to Sullivan or Orange County for her visits with the child, the factual circumstances behind such order are not properly before us (see e.g. Matter of Linda UU. v Dana VV., 212 AD3d 906, 907 [3d Dept 2023], lv denied 39 NY3d 913 [2023]). Nevertheless, the impetus for such order remains united with the goal of the modified order from August 2022 in facilitating unsupervised visitation between the mother and the child. Based on the foregoing, we find that there is a sound and substantial basis for Family Court's allocation of the responsibility of transportation between the parties (see Matter of Andrea H. v Justin I., 202 AD3d 1325, 1326 [3d Dept 2022]; see Matter of Latoya B. v Marvin D., 191 AD3d 1123, 1125-1126 [3d Dept 2021]). We have examined the parties' remaining contentions and found them to be without merit or rendered academic.
Garry, P.J., Egan Jr., Clark and McShan, JJ., concur.
ORDERED that the order is affirmed, without costs.