Matter of Dusten T. v Trisha U. (2025 NY Slip Op 01144)

Matter of Dusten T. v Trisha U.

2025 NY Slip Op 01144

Decided on February 27, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 27, 2025

CV-23-2231
[*1]In the Matter of Dusten T., Petitioner,
v
Trisha U., Appellant. (And Two Other Related Proceedings.)

Calendar Date:January 14, 2025

Before:Aarons, J.P., Pritzker, Lynch, Ceresia and Powers, JJ.

Lisa K. Miller, McGraw, for appellant.
Natalie B. Miner, Homer, attorney for the child.

Aarons, J.P.
Appeal from an order of the Family Court of Cortland County (David Alexander, J.), entered November 3, 2023, which, among other things granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, for custody of the parties' child.
Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the parents of a child (born in 2012) and, although the mother and the father were not in a relationship with each other, they lived together with the child until June 2022. At that time, the father learned that the mother intended to move with the child out of state and, consequently, commenced the first of these three proceedings seeking sole custody of the child. The mother moved out of the shared residence and, in July 2022, commenced the second of these proceedings, also seeking custody of the child. Before first appearances in those proceedings, the mother took the child to Pennsylvania to permanently reside there with her boyfriend. The father, in September 2022, commenced the third of these proceedings seeking, among other things, to enjoin the mother from taking the child to permanently reside in Pennsylvania. The mother returned to this state with the child, and two temporary custody orders were issued that granted joint custody to both parties and set out a parenting time schedule that alternated every other weekend and scheduled holidays. After a fact-finding hearing, Family Court, among other things, granted sole legal custody and physical placement of the child to the father, set out a parenting time schedule for the mother and required the mother to provide transportation for her parenting time with the child. The mother appeals.
"In an initial custody determination, Family Court's paramount consideration is the best interests of the child[ ], which requires the consideration of factors such as the quality of the parents' respective home environments, the need for stability in the [child's] li[fe], each parent's willingness to promote a positive relationship between the child[ ] and the other parent and each parent's past performance, relative fitness and ability to provide for the [child's] intellectual and emotional development and overall well-being" (Matter of James EE. v Vanessa EE., 228 AD3d 1025, 1025-1026 [3d Dept 2024] [internal quotation marks and citations omitted]; see Matter of Andrew I. v Lizbeth H., 230 AD3d 1414, 1414 [3d Dept 2024]). "Where, as here, a parent seeks to relocate with the child and an initial custody determination has yet to be rendered, the factors set forth in Matter of Tropea v Tropea (87 NY2d 727, 740-741 [1996]) need not be strictly applied" (Matter of Shane FF. v Alicia GG., 199 AD3d 1264, 1265 [3d Dept 2021] [citations omitted]; see Matter of Alexander K. v Jaheria L., 230 AD3d 966, 966-967 [3d Dept 2024]). "Nevertheless, the parent's decision to reside in a distant locale is a very important factor among the constellation of factors to be considered in arriving [*2]at a best interests determination, particularly where there is evidence that it would detrimentally affect the other parent's relationship with the child" (Matter of Megan UU. v Phillip UU., 193 AD3d 1287, 1289 [3d Dept 2021] [internal quotation marks and citations omitted]; see Matter of Alexander K. v Jaheria L., 230 AD3d at 967). "Given that Family Court is in a superior position to evaluate testimony and assess witness credibility, we accord great deference to Family Court's custody determinations, and we will not disturb such a determination if it is supported by a sound and substantial basis in the record" (Matter of Amanda YY. v Ramon ZZ., 167 AD3d 1260, 1261 [3d Dept 2018] [internal quotation marks and citations omitted]; see Matter of Tamara XX. v William YY., 199 AD3d 1244, 1246 [3d Dept 2021]).
The mother contends that Family Court erred in determining that it was in the child's best interests to grant the father sole legal custody.[FN1] We disagree. Although the parties appear to have a track record of coparenting, the mother unilaterally decided to relocate with the child to Pennsylvania where she enrolled the child in school. Further, and without first consulting the father, the mother told the child that her boyfriend — not the father — may be the child's biological parent. Despite declining to order joint legal custody, the court directed that the mother have open and independent access to the child's school and medical records, including the right to attend all medical appointments, school meetings and events. Although we recognize that joint legal custody is an aspirational goal, under these circumstances, the record provides a sound and substantial basis for Family Court's award of sole legal custody to the father (see Matter of Brenna EE. v Andrew DD., 214 AD3d 1039, 1041 [3d Dept 2023]).
Next, the mother seeks an additional two weeks of parenting time during the child's summer vacation in July and August. The schedule fashioned by Family Court grants the mother parenting time for two nonconsecutive weeks during the child's summer vacation, every Wednesday afternoon from "after school" until 6:30 p.m. and every other weekend, as well as divides holidays and other occasions on a roughly equal basis between the parties. The record supports the court's parenting time schedule, including extended parenting time in the summer months, "to preserve the mother's ability to maintain a meaningful relationship with the child" (Matter of Hoffman v Turco, 154 AD3d 1136, 1138 [3d Dept 2017]). That said, including in the mother's parenting time schedule a few hours on Wednesday evenings is inconsistent with the record, which shows that the mother intends to reside 2½ hours away from the child, without a vehicle of her own to make the trip.[FN2] In our view, this arrangement is not workable. We therefore find it appropriate to modify the parenting time schedule to omit the award of each Wednesday evening to the mother and grant the mother an additional [*3]two weeks of parenting time during the child's summer recess from school, which may be taken nonconsecutively or as the parties may otherwise agree (see Matter Erick RR. v Victoria SS., 206 AD3d 1523, 1527 [3d Dept 2022]).
Lastly, the mother contends that Family Court should not have placed the entire burden of transportation to and from her parenting time on her. In this connection, it is relevant that the mother's voluntary decision to relocate 2½ hours away led to the increased transportation burden (see Matter of Andrea H. v Justin I., 202 AD3d 1325, 1326 [3d Dept 2022]). The mother's new residence is a "reasonable distance" from the father's residence (Blundell v Blundell, 150 AD2d 321, 324 [2d Dept 1989], abrogated on other grounds by Matter of Tropea v Tropea, 87 NY2d 727; see Matter of Landowski v Landowski, 91 AD2d 784, 784 [3d Dept 1982]), and, despite not owning her own vehicle, the record indicates she has on occasion been able to rely on friends and family for transportation. Accordingly, we cannot say that Family Court's decision to allocate to the mother the responsibility of transportation to and from her parenting time lacks a sound and substantial basis in the record (see Matter of Andrea H. v Justin I., 202 AD3d at 1326; Matter of Latoya B. v Marvin D., 191 AD3d 1123, 1126 [3d Dept 2021]; Matter of Casarotti v Casarotti, 107 AD3d 1336, 1340 [3d Dept 2013], lv denied 22 NY3d 852 [2013]; see generally Matter of James EE. v Vanessa EE., 228 AD3d at 1025-1026).
Pritzker, Lynch, Ceresia and Powers, JJ., concur.
ORDERED that the order is modified, on the law and the facts, without costs, by reversing so much thereof as awarded respondent parenting time each Wednesday from after school or 5:00 p.m. until 6:30 p.m.; respondent is granted an additional two weeks of parenting time during the child's summer recess from school as set forth in this Court's decision; and, as so modified, affirmed.

Footnotes

Footnote 1: The mother has disclaimed any challenge to the child's physical placement with the father.

Footnote 2: During the summer months, Family Court specified that the mother's Wednesday parenting time would be from 5:00 p.m. to 6:30 p.m. — i.e., 90 minutes.