Matter of Heather F. v Matthew G. (2025 NY Slip Op 03376)

Matter of Heather F. v Matthew G.

2025 NY Slip Op 03376

Decided on June 5, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 5, 2025

CV-24-1025
[*1]In the Matter of Heather F., Appellant,
v
Matthew G., Respondent.

Calendar Date:April 22, 2025

Before:Garry, P.J., Clark, Pritzker, McShan and Powers, JJ.

Sandra M. Colatosti, Albany, for appellant.
Donnellan Law, PLLC, Ballston Spa (Sarah I. Wood of counsel), for respondent.
Ellen Bennett Becker, Albany, attorney for the child.

Clark, J.
Appeal from an order of the Family Court of Schenectady County (Margaret Tabak, Referee), entered April 29, 2024, which, in a proceeding pursuant to Family Ct Act article 6, granted respondent's motion to dismiss the petition.
Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the parents of the subject child (born in 2020). The mother and the child reside in the Town of Glenville, Schenectady County while the father lives in San Jose, California. Pursuant to an order of custody on stipulation entered in September 2022, the parties share legal custody of the child, who continued to reside primarily with the mother. The order allowed the father to exercise certain parenting time on the east coast of the United States and additional time in California. During the father's parenting time, each instance of which lasted for several weeks, the order directed that the mother be given the opportunity to have lunch or dinner with the child every few days to alleviate concerns about the child's separation anxiety. The mother was also required to make good faith efforts to obtain a diagnosis for such condition from the child's pediatrician.
The mother filed the instant modification petition seeking, among other things, to modify the prior order to allow the child's diagnosis to be made by a mental health professional and to require that the father's east coast parenting time occur within 40 miles of Glenville, as any farther distance made those lunch/dinner visits unworkable. The father moved to dismiss the mother's petition, arguing that she had failed to allege a change in circumstances, and he sought an award of counsel fees for having to prepare such motion. The mother and the attorney for the child opposed the motion. Family Court granted the father's motion, dismissed the mother's petition and awarded the father $1,000 in counsel fees. The mother appeals.
"A parent seeking to modify an existing custody order must first show that a change in circumstances has occurred since the entry of the existing custody order that then warrants an inquiry into what custodial arrangement is in the best interests of the child" (Matter of Nicole B. v Franklin A., 210 AD3d 1351, 1353 [3d Dept 2022] [internal quotation marks and citations omitted], lv dismissed 39 NY3d 1092 [2023]; see Matter of Samantha WW. v Malek XX., 217 AD3d 1081, 1082 [3d Dept 2023]). "Upon a motion to dismiss a party's petition to modify an existing custody order, Family Court must liberally construe the petition, accept the facts alleged in the petition as true, afford the petitioner the benefit of every favorable inference and resolve all credibility questions in favor of the petitioner" (Matter of Matthew TT. v Erin TT., 222 AD3d 1242, 1243 [3d Dept 2023] [internal quotation marks and citations omitted]; see CPLR 3026; Matter of Abigail Y. v Jerry Z., 200 AD3d 1512, 1513 [3d Dept 2021]).
On appeal, the mother and the attorney for the child argue that Family Court [*2]erred in granting the father's motion to dismiss. We agree. When construing the mother's modification petition liberally, we find that she "set forth sufficient allegations that, if established at an evidentiary hearing, could support granting the relief sought" (Matter of Neil VV. v Joanne WW., 206 AD3d 1097, 1098 [3d Dept 2022] [internal quotation marks and citations omitted]). Specifically, the mother alleged that the father had chosen to exercise his east coast parenting time in New Hampshire, over 160 miles away from the child's primary residence. Due to her work schedule, the mother asserted that the distance denied her the opportunity to exercise the lunch/dinner visits, which were stipulated to in order to manage concerns about the child's separation anxiety. Clearly, the parties disagree on whether the prior order required the father to accommodate his parenting time to the mother's ability to exercise the lunch/dinner visits, or whether the mother was required to accommodate her visits to the father's selected locale. At this procedural stage, such an ambiguity should not have been resolved in the father's favor (see e.g. Matter of Shayne FF. v Julie GG., 221 AD3d 1202, 1204 [3d Dept 2023]). Rather, Family Court should have given the mother the benefit of a favorable inference and, considering the impracticality of exercising these lunch/dinner visits due to the great distance and travel time (see e.g. Matter of Molina v Lester, 84 AD3d 1462, 1464 [3d Dept 2011]), it should have denied the father's motion to dismiss (see Matter of Matthew TT. v Erin TT., 222 AD3d at 1243; Matter of Abigail Y. v Jerry Z., 200 AD3d at 1513-1514; cf. Matter of Shayne FF. v Julie GG., 221 AD3d at 1205-1206). As such, we reverse, deny the father's motion to dismiss and remit this matter to Family Court.[FN1]
In light of this determination, we also reverse Family Court's award of counsel fees to the father.[FN2] To the extent not expressly addressed herein, the parties' remaining contentions have been considered and have been rendered academic.
Garry, P.J., Pritzker, McShan and Powers, JJ., concur.
ORDERED that the order is reversed, on the law, without costs, motion denied and matter remitted to the Family Court of Schenectady County for further proceedings not inconsistent with this Court's decision.

Footnotes

Footnote 1: During the pendency of this appeal, the parties have engaged in further litigation which is currently pending before Family Court.

Footnote 2: Inasmuch as the billing statement proffered in support of the father's motion for counsel fees showed that he incurred $690 in legal fees, it is unclear how Family Court determined that a counsel fee award in the sum of $1,000 was appropriate (see generally Matter of Khan v Khan, 140 AD3d 1252, 1254-1255 [3d Dept 2016]).