Matter of Kimberly T. v Rafael E.M. (2025 NY Slip Op 07098)

Matter of Kimberly T. v Rafael E.M.

2025 NY Slip Op 07098

Decided on December 18, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 18, 2025

Before: Kern, J.P., Scarpulla, Friedman, Shulman, Rosado, JJ. 

Docket No. V-02034/20 V-04651/21|Appeal No. 5421|Case No. 2024-06582|

[*1]In the Matter of Kimberly T., Petitioner-Respondent,
v
Rafael E.M., Respondent-Appellant. 

Bruce A. Young, New York, for appellant.
Janet Neustaetter, The Children's Law Center, Brooklyn (Laura Solecki of counsel), attorney for the child.

Order, Family Court, Bronx County (Robert T. Johnson, J.), entered on or about September 18, 2024, which, to the extent appealed from, directed that respondent father is responsible for arranging and paying for the subject child's return trip after his summer and holiday visitation trips to petitioner mother Kimberly T. in North Carolina, unanimously affirmed, without costs.
Family Court providently exercised its discretion in directing the father to cover the costs associated with returning the child from North Carolina after the mother's parenting time (see Matter of Ivan R. v Lisandra F., 188 AD3d 543, 544 [1st Dept 2020]; Matter of Casarotti v Casarotti, 107 AD3d 1336, 1340 [3d Dept 2013], lv denied 22 NY3d 852 [2013]; Matter of Fegadel v Anderson, 40 AD3d 1091, 1093 [2d Dept 2007]).
Contrary to the father's contention, the record was adequate for Family Court to determine the parties' capacity to bear the costs of the child's transportation. At the time of the hearing, both parties were working for rideshare services; the father was the child's main provider; and the mother was missing parenting time with the child because she could not afford the transportation costs. Accordingly, there was a sound and substantial basis for Family Court's allocation of the responsibility of transportation between the parties (see Matter of Latoya B. v Marvin D., 191 AD3d 1123, 1125-1126 [3d Dept 2021]). Moreover, Family Court's allocation of the transportation costs to facilitate the mother's parenting time with the child was in the child's best interests, which is the overarching consideration in questions of child custody (see Eschbach v Eschbach, 56 NY2d 167, 171 [1982]; Lo Presti v Lo Presti, 40 NY2d 522, 527 [1976]; see also Matter of Maranda WW. v Michael XX., 219 AD3d 1590, 1594 [3d Dept 2023]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 18, 2025