Matter of Alexander I. v Allison I. (2026 NY Slip Op 00945)

Matter of Alexander I. v Allison I.

2026 NY Slip Op 00945

Decided on February 19, 2026

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 19, 2026

CV-24-1051
[*1]In the Matter of Alexander I., Appellant,
vAllison I., Respondent. (Proceeding No. 1.) (And Another Related Proceeding.)
In the Matter of Allison I., Respondent,
vAlexander I., Appellant. (Proceeding No. 3.)

Calendar Date:January 8, 2026

Before:Garry, P.J., Ceresia, Fisher, McShan and Mackey, JJ.

Matthew C. Hug, Albany, for appellant, and appellant pro se.
Douglas J. Broda, Troy, for respondent.
David P. Dylis, Amsterdam, attorney for the child.

McShan, J.
Appeal from an order of the Family Court of Montgomery County (Michael Dayian, J.), entered March 25, 2024, which, among other things, granted petitioner's application, in proceeding No. 3 pursuant to Family Ct Act article 6, for custody of the parties' child.
Alexander I. (hereinafter the father) and Allison I. (hereinafter the mother) are the parents of the subject child (born in 2022). In March 2023, the father filed a petition for an initial custody determination seeking joint legal custody of the child, arguing it was in the child's best interests for both parents to participate equally.[FN1] The mother filed a cross-petition seeking sole legal and physical custody, arguing that she was the primary caregiver. Family Court issued a temporary order of custody wherein the mother and the father were granted joint legal custody, with the mother having primary physical custody and the father having parenting time on alternating weekends. Following a two-day hearing, Family Court determined that both the mother and the father adequately met the child's basic needs and that it was in the child's best interests for the parents to have modified joint legal custody with the mother having final decision-making authority as well as primary physical custody and the father having parenting time on alternating weekends and shared holidays. The father appeals.[FN2]
Where "a parent's relocation initiates the commencement of a custody proceeding resulting in an initial custody determination, strict application of the relocation factors set forth in Matter of Tropea v Tropea (87 NY2d 727 [1996]) is not required" (Matter of Jesse HH. v Lindsey II., 233 AD3d 1410, 1411 [3d Dept 2024], lvs denied 43 NY3d 906 [2025], 43 NY3d 906 [2025]; see Matter of O'Hara v DeMarsh, 161 AD3d 1271, 1271-1272 [3d Dept 2018]). Rather, in considering the initial custodial determination under these circumstances, Family Court must focus on the relevant factors to the paramount concern in the proceeding, the best interests of the child, which "encompasses a variety of factors, including the quality of the parents' respective home environments, the need for stability in the child's life, each parent's willingness to promote a positive relationship between the child and the other parent and each parent's past performance, relative fitness and ability to provide for the child's intellectual and emotional development and overall well-being" (Matter of Andrew I. v Lizbeth H., 230 AD3d 1414, 1414 [3d Dept 2024] [internal quotation marks and citations omitted]; see Matter of Adam E. v Heather F., 151 AD3d 1212, 1213 [3d Dept 2017]). "Parenting time with a noncustodial parent is presumed to be in a child's best interests. Thus, unless parenting time with the noncustodial parent would be detrimental to the child's welfare, Family Court is required to fashion a parenting time schedule that affords the noncustodial parent frequent and regular access to the child" (Matter of Tina X. v Thomas Y., 233 AD3d [*2]1272, 1275 [3d Dept 2024] [internal quotation marks, brackets and citations omitted]; see Matter of C.M. v Z.N., 230 AD3d 1409, 1412 [3d Dept 2024]). "This Court accords great deference to Family Court's factual findings and credibility determinations, and will not disturb its custodial determination if supported by a sound and substantial basis in the record" (Matter of Barrett LL. v Melissa MM., 224 AD3d 942, 943 [3d Dept 2024] [internal quotation marks and citations omitted], lv denied 42 NY3d 905 [2024]; see Matter of Jessica HH. v Sean HH., 196 AD3d 750, 753 [3d Dept 2021]).
At the outset, the record clearly demonstrates that both parties are loving parents who desire a meaningful role in raising their child. Although the testimony at the hearing reflects that there is some acrimony between the two and communication has sometimes been poor, "it is clear that their relationship has not deteriorated to such an extent that joint custody is untenable" (Matter of Brian Q. v Allysa R., 244 AD3d 1328, 1330 [3d Dept 2025]). With that in mind, Family Court could properly look to the custodial arrangement that provided the child with stability. The father takes exception to the finding that continuing placement with the mother offered stability, arguing that it resulted solely from the mother relocating with the child (see generally Matter of Dusten T. v Trisha U., 235 AD3d 1215, 1216 [3d Dept 2025]); however, the testimony at the hearing generally established that the mother had been the child's primary caretaker since birth, having handled the overwhelming majority of childcare duties while previously residing with the father. Moreover, although both parents appear capable, the record reflected that the mother was better equipped to make appropriate decisions for the child's overall well-being through her continued care and attention to the child's social and medical needs, thus supporting the decision to grant her primary decision-making authority in the event that the parties cannot agree (see Matter of Mathena XX. v Brandon YY., 189 AD3d 1733, 1737-1738 [3d Dept 2020]; Matter of Sherrod U. v Sheryl V., 181 AD3d 1069, 1071 [3d Dept 2020]). Accordingly, we find no compelling justification to disturb Family Court's determination to grant the parties joint legal custody with final decision-making authority to the mother.
However, we find that Family Court's order was unsupported with respect to the father's parenting time and the related responsibilities with respect to transporting the child. To that, the testimony at the fact-finding hearing reflected that the father had recently changed employment in order to open an additional day for parenting time and that the paternal grandparents were willing to assume greater duties on the family farm where they resided to permit the father to have more time with the child during his parenting time. Although the attorney for the child advanced the argument in summation that, in order to avoid further litigation[*3], a custodial arrangement should anticipate that the child would eventually reach school age, that was not a prominent concern at the time of the hearing and, taking into account the parties' respective employment arrangements and ability to care for the child, the arrangement providing alternating weekend visitation to the father failed to provide him with meaningful and frequent access under the circumstances (see Matter of Austin v Smith, 144 AD3d 1467, 1470 [3d Dept 2016]; see also Matter of Rebekah R. v Richard R., 176 AD3d 1340, 1343 [3d Dept 2019]). Moreover, Family Court placed the burden of transporting the child entirely on the father, which curtailed some of his parenting time during the court's set schedule. Family Court's determination on that issue appears predicated on the fact that the mother did not have an adequate means of transportation. The record reflects, however, that the mother had obtained a vehicle as of the last day of the hearing that would allow her to contribute to those duties and, moreover, there is no indication that she was unable to at least provide a financial contribution. Thus, placing the entire burden of transporting the child was in error. Noting the foregoing, although the parties have provided some indication as to the father's current employment arrangement and his availability, the passage of time from the prior order persuades us that it is more prudent to remit the matter to Family Court to hear from the parties with respect to an increase in parenting time — which may consider other provisions such as phone or video contact and additional time during the summer — that serves to promote a healthy and meaningful relationship with the father (see Matter of Jill Q. v James R., 185 AD3d 1106, 1110 [3d Dept 2020]; see also Matter of Theressa M. v Gaddiel M., 228 AD3d 1040, 1041 [3d Dept 2024]). Further, Family Court should equitably divide the transportation responsibilities between the parties, paying adequate consideration to the mother's ability to contribute to that responsibility (compare Matter of Dusten T. v Trisha U., 235 AD3d at 1218; Matter of Corydon YY. v Laura ZZ., 177 AD3d 1116, 1117 [3d Dept 2019]; see also Matter of Andrea H. v Justin I., 202 AD3d 1325, 1326 [3d Dept 2022]).
Lastly, we find no merit to the father's contention that he was deprived of meaningful representation. "Counsel's representation need not be perfect and, as it is not the role of this Court to second-guess counsel's trial strategy or tactics, a party seeking to prevail on an ineffective assistance of counsel claim must do something more than engage in hindsight speculation as to the viability of counsel's strategy" (Matter of Kyle I. v Kandice K., 232 AD3d 1074, 1077 [3d Dept 2024] [internal quotation marks and citation omitted]; see Matter of Candy II. v Kandice HH., 236 AD3d 1156, 1160 [3d Dept 2025]). The record reflects that the father's counsel made appropriate objections, effectively conducted direct, cross and [*4]re-cross-examinations and otherwise properly advocated the father's position (see Matter of Richard CC. v Lacey DD., 243 AD3d 1186, 1189-1190 [3d Dept 2025]), and the father's assertions concerning the existence of certain evidence that was not offered or admitted at the hearing is unspecified and speculative (see Matter of Kyle I. v Kandice K., 232 AD3d at 1077). All told, "[u]pon considering the totality of the representation, we cannot conclude that it was anything less than meaningful" (Matter of Jehrica K. v Erin J., 223 AD3d 1079, 1082 [3d Dept 2024]). We have examined the remainder of the father's contentions in his pro se supplemental briefing and find them unavailing.
Garry, P.J., Ceresia, Fisher and Mackey, JJ., concur.
ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as provided Alexander I. with parenting time from Friday to Sunday on alternating weekends and directed that he be responsible for all transportation; matter remitted to the Family Court of Montgomery County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.

Footnotes

Footnote 1: The father filed two petitions for custody — one in Rensselaer County Family Court and one in Montgomery County Family Court. The petition filed in Rensselaer County was transferred to Montgomery County after determining that Montgomery County is the proper venue.

Footnote 2: At the conclusion of the fact-finding hearing, the attorney for the child advocated, in general, to maintain the custodial arrangement provided in the temporary order with a split in transportation responsibilities between the parties. On appeal, the attorney for the child argues that Family Court properly granted modified joint legal custody to the parties but argues for a more even division of parenting time.